Lanman *v.* McGregor *et al.*

Filed March 29, 1884.

---

No. 11,145.

## LANMAN *v.* McGREGOR ET AL.

SALE.—*Personal Property.*—*Cash on Delivery.*—*Conditional Sale.*—Where personal property is sold for cash on delivery, the sale is conditional, and the title to the property will not vest in the purchaser until the terms of the sale are complied with.

SAME.—*Sale by Conditional Vendee to Third Party.*—*Liability of Such Purchaser.*—Where, in such case, the conditional vendee of personal property, without the knowledge or consent of the vendor, and without compliance

with the terms of sale, re-sells such property to a third party, who converts the same to his own use, such third party acquires no title to the property as against the original vendor, and is liable to him for its value, or for the balance due him from his vendee on the agreed price.

From the Perry Circuit Court.

*W. Henning* and *S. B. Hatfield,* for appellant.

*S. Joseph* and *H. J. May,* for appellees.

Howk, C. J.—The first error complained of by the appellant, the plaintiff below, in this cause, is the decision of the court in sustaining the joint demurrer of the appellees McGregor and Burst to the first paragraph of his complaint.

In this first paragraph the appellant, complaining of the appellees and one Thomas Lawrents, alleged that the appellees were partners under 'the firm name of McGregor & Burst, in timber and staves; that on the 12th day of March, 1881, the appellant sold conditionally to Thomas Lawrents and Andy Snyder all the timber suitable for making staves, at the rate of $3 per thousand, on the appellant's land in Perry county, by a written contract, a copy of which was filed therewith as a part thereof; that Andy Snyder afterwards, and before any timber was cut on the land, by consent of all parties to the contract, withdrew therefrom and transferred all his interest thereunder to Thomas Lawrents, who thus became the sole party of the second part to such written contract; that pursuant to and under such contract Thomas Lawrents cut, split and made out of the timber growing on said land sixty-five thousand staves, and stacked the same on the appellant's land; that the staves, when so cut and stacked, were worth at that time and place $8 per thousand; that the appellees were duly informed of the conditions upon which the title would vest in said Lawrents under the written contract, before they had purchased and paid for the staves, as thereinafter stated; that the appellees, intending to cheat and defraud the appellant out of the money due him for the staves, and to get them away without paying for the same, removed the staves from appellant's land, over his objections

Lanman v. McGregor et al.

and protests, and against his will, and without his consent shipped them off and converted them to their own use, and refused to pay therefor; that said Lawrents also failed and refused to pay for the staves as agreed on, and was wholly insolvent, and had not, at that time nor since, any property subject to execution; that there was due and unpaid to the appellant for the appellees the sum of $195; that at the time of the removal of the staves, and long before any money was paid to said Lawrents by the appellees, they were informed and well knew that the staves were the property of the appellant under said 'contract, and only pretended to purchase the same to cheat and defraud the appellant; that the appellees had not made full payment even to Lawrents for the staves, but still owed thereon more than $195; that said Lawrents requested the appellees to pay the appellant the said sum of $195, which they failed and refused to do; that it was intended and understood by and between the appellant and said Lawrents and Snyder, at the time said contract was executed, and it was intended by such contract that the title to and property in the staves, after they were made, should be and remain in the appellant until the sum of $3 per thousand was paid to him, and that upon such payment, and not before, the title thereto should vest in said purchasers. Wherefore, etc.

We are of opinion that the court clearly erred in sustaining the appellees' demurrer to this paragraph of appellant's complaint. By the express terms of the written contract, the appellant agreed to let Lawrents and Snyder have all the timber, suitable for making staves, on his real estate particularly described; and they agreed to work up all the timber on the land, that would make staves to advantage, and for all the good staves, made on the land, to pay the appellant three dollars per thousand. It was further stipulated in the contract, that the appellant should hold the staves made on the land until paid for. Fairly construed, this contract means, under the averments of the first paragraph of the

complaint, that the appellant sold his staves when made to Thomas Lawrents at an agreed price per thousand, upon the condition that Lawrents should pay therefor the agreed price, on or before delivery, and that, until payment of the price was made, there should not be a delivery of the staves to Lawrents, but the appellant should hold them as his property. The language of the contract is not as full, clear and accurate as it might have been; but we have given what we regard as a fair interpretation and construction of its terms, and the manifest intention and meaning of the parties thereto, in the execution of such contract.

Where personal property is sold for cash on delivery, the sale is conditional, and the title to the property will not vest in the purchaser until the terms of the sale are complied with. The allegations of the first paragraph of the complaint show that the staves in controversy were sold conditionally by the appellant to Lawrents, but were not to be delivered until the agreed price therefor was paid. It was alleged that the appellees were fully informed of the terms of the sale to Lawrents at the time they purchased the staves from him, but this allegation was not very material in this case. It is settled law, in this State, that where personal property is sold for cash on delivery, or where, as in the case at bar, by the terms of the contract, the vendor is to hold the property sold until paid for, the vendee acquires no title to the property which he can transfer, until the terms of the sale are complied with. *Evansville, etc., R. R. Co.* v. *Erwin,* 84 Ind. 457, and authorities there cited.

Where, in such a case, the vendee of the personal property, without the knowledge or consent of the vendor, sells the property to third parties, who convert the same to their own use, they acquire no title to the property as against the original vendor, and are liable to him for its value or, as in this case, for the balance due him from his vendee on the agreed price thereof. *Thomas* v. *Winters,* 12 Ind. 322; *Dunbar* v. *Rawles,* 28 Ind. 225; *Bradshaw* v. *Warner,* 54 Ind.

58; *McGirr* v. *Sell*, 60 Ind. 249; *Domestic Sewing Machine Co.* v. *Arthurhultz*, 63 Ind. 322.

" In the construction of contracts, the intention of the parties is chiefly to be considered, and that effect given to the contract, if not inconsistent with legal rules." We know of no legal rule which prevents us from construing the contract, in accordance with the manifest intention of the parties thereto, in the case in hand. Thus construed, there is no room for doubt, as it seems to us, in regard to the character of the sale of the staves in controversy, by the appellant to Lawrents. It was a conditional sale, and the conditions of the sale not having been complied with, the title to the staves remained in the appellant and never vested in the purchaser.

The first paragraph of the complaint stated a good cause of action against the appellees, and their demurrer thereto ought to have been overruled.

The judgment is reversed with costs, and the cause remanded with instructions to overrule the demurrer to the first paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed Feb. 21, 1884. Petition for a rehearing overruled March 27, 1884.