Filed Feb. 2, 1887.

---

No. 12,805.

## BAALS v. STEWART.

PLEADING.—*Conversion.*— *Complaint to Recover Damages.*—A complaint to recover damages for the conversion of personal property need not allege that the plaintiff is entitled to possession of such property.

SAME.—*Joinder of Causes of Action.*—Under the fourth clause of section 278, R. S. 1881, a paragraph of complaint to recover damages for conversion may be joined with a paragraph to recover possession of the same property.

CONDITIONAL SALE.—*Personal Property.* — *Conversion.* — *Liability of Third Person.*—*Damages.*—A conditional sale of personal property is valid, and if the vendee, without the knowledge or consent of the vendor, sells the property to a third person, who converts the same to his own use, the latter acquires no title as against the original vendor, and is liable to him for the damages sustained.

ESTOPPEL.—*Pleading.*—To constitute an estoppel *in pais* there must be a showing that the party pleading it was induced to act to his injury by

something said or done by the other, or that there was misrepresentation or concealment of a material fact on the part of the latter.

From the Allen Circuit Court.

*R. S. Robertson,* for appellant.

*J. B. Harper,* for appellee.

Howk, J.—In this case the appellee sued the appellant in a complaint of two paragraphs, but the first paragraph was subsequently withdrawn by appellee, leaving the second paragraph as his only complaint in the record. In this complaint appellee alleged that he was the owner of a certain piano, numbered 26,799, made by the Emerson Piano Company of Boston, Massachusetts; that such piano was of the value of $150; that the appellant unlawfully and wrongfully retained possession of such piano, and had unlawfully and wrongfully converted the same to his own use, to appellee's damage in the sum of $250, for which sum he demanded judgment, and for all other proper relief.

To this complaint appellant answered in two paragraphs, whereof he subsequently withdrew the first paragraph. In the second paragraph of his answer, appellant stated special and affirmative facts by way of defence; and to this paragraph appellee's demurrer, for the alleged insufficiency of the facts therein to constitute a defence, was sustained by the court. Appellant failed to answer further, and, by his consent, the cause was tried by the court without a jury, and the court found for the appellee and assessed his damages in the sum of $108.12, and rendered judgment accordingly, to which judgment appellant at the time excepted.

In this court appellant has assigned errors which call in question (1) the overruling of his demurrer to the second paragraph of complaint, (2) the sustaining of appellee's demurrer to the second paragraph of appellant's answer, (3) the overruling of his motion for an order requiring appellee to answer certain interrogatories more specifically, and (4) the rendition of judgment herein for appellee on the pleadings.

We will consider and decide the several questions presented by these alleged errors in their enumerated order.

1. Appellant demurred to the second paragraph of appellee's complaint, upon two grounds of objection, namely: 1st. It did not state facts sufficient to constitute a cause of action; and, 2d. Because it stated a claim for damages for the wrongful conversion of the piano, and was improperly joined with a paragraph which sought to recover the possession of such piano. Of course, this demurrer was filed before the withdrawal by appellee of the first paragraph of his complaint.

It is impossible for us to know what cause of action was stated in the first paragraph of appellee's complaint. It is not in the record, and while it may have stated, as appellant's counsel claims it did, a cause of action in replevin, yet, so far as we are informed by the record, which to us imports "absolute verity," it may as well have stated a cause of action on a promissory note, as one in replevin.

In discussing the ruling of the court below on the second paragraph of complaint, appellant's counsel says: "We claim that it does not state facts sufficient to constitute a cause of action, for the reason that, while it alleges ownership in appellee, it does not allege that he was entitled to the possession." It was not necessary that the second paragraph of the complaint should allege that appellee was entitled to the possession of the piano. In this paragraph appellee did not seek to recover possession of the piano, but simply sued to recover damages for the unlawful and wrongful conversion of the piano by appellant to his own use. For that purpose the paragraph stated facts amply sufficient to withstand appellant's demurrer thereto; and, so far as the first ground of objection is concerned, there was certainly no error in overruling such demurrer. *Reish* v. *Reynolds*, 68 Ind. 561; *Stockwell* v. *Thomas*, 76 Ind. 506.

But appellant's counsel insists, that the demurrer ought to have been sustained because of the improper joinder of causes of action. If counsel were right in this position, the error

of the court in overruling the demurrer, for the misjoinder of causes of action, would not authorize us to reverse the judgment herein. Section 341, R. S. 1881; *Rennick* v. *Chandler*, 59 Ind. 354; *Coan* v. *Grimes*, 63 Ind. 21. But as the case is presented by the record before us, there was no misjoinder of causes of action, for two reasons: 1. Because appellee withdrew the first paragraph of his complaint, and no cause of action appears in the record except the one stated in the second paragraph of complaint; and, 2. Because, under the *fourth* clause of section 278, R. S. 1881, a paragraph of complaint to recover damages for the wrongful conversion of personal property may be properly joined with another paragraph to recover the possession of the same property, in the same complaint. In any view of the case at bar, therefore, the demurrer to the second paragraph of appellee's complaint was correctly overruled.

2. In the second paragraph of his answer, which was addressed to each·and both of the paragraphs of complaint before the withdrawal of the first paragraph thereof, the appellant said that, while he denied any wrongful taking or wrongful possession by him, and any unlawful and wrongful conversion by him, of the piano described in the complaint; he.admitted that such piano came into his possession under the following circumstances, to wit: That the appellee delivered such piano into the possession of one Wm. G. Chenowith, on the 17th day of July, 1882, at Lafayette, Indiana, without causing to be executed or recorded any bill of sale or chattel mortgage thereof, but that said Chenowith, on the day last named, executed to appellee two certain promissory notes, each of which had attached thereto a contract which could be separated from the note without impairing it in any way, copies of which notes and attached contracts were filed with such answer and referred to as parts of such answer; that such notes and attached contracts were accepted by appellee as evidence of Chenowith's indebtedness for said piano, and the transaction was treated by appellee as a conditional sale

or a payment by note, at his option; that by the terms of each note, Chenowith promised to pay appellee certain fixed sums, at fixed times, at the Second National Bank of Lafayette, a bank of issue and deposit in this State; that neither of said notes had any condition therein as to the title to such piano, but one clause in each note reads as follows: "This note is received as a conditional settlement for ——, No. —. If this note is not accepted by R. W. Stewart, Lafayette, Ind., then this contract is void, and —— hereby expressly agrees to return to R. W. Stewart said instrument for which this note was given, and no contract or claims will be recognized, unless embodied in this note;" that said Stewart not only accepted such notes, but he procured the same to be discounted in bank, by endorsing on each of them his written guaranty that it would be paid within thirty days.

And appellant further alleged, that the contract following each of such notes declared that the "above note" was given as evidence of a part of the price to be paid for such piano, and that Stewart had agreed to sell and had delivered the same, but that it was to remain the property of appellee until all the notes were paid, and that "this statement may be detached from the above note, without being deemed an alteration or mutilation thereof;" that Chenowith, on January 9th, 1884, paid appellee $25, on March 26th, 1884, $25, and on June 25th, 1884, $20, which sums he accepted and credited upon the first of such notes; that soon after appellee delivered possession of said piano to Chenowith under such notes and attached contracts, Chenowith, with appellee's knowledge and consent, removed such piano from Lafayette to Fort Wayne, Indiana, in which latter place he continued to reside with appellee's knowledge until the early part of 1885; that, on November 30th, 1884, Chenowith publicly offered said piano for sale for a considerable period of time, when appellee's notes were long past due, without any effort on his part to repossess himself of such piano; that appellant was then and since engaged in the business of buying

and selling second-hand furniture in the city of Fort Wayne, and when such piano was offered to him by Chenowith, the latter represented himself to be the owner of the piano and that there were no liens or claims thereon, nor was there any chattel mortgage of such piano of record in the recorder's office of Allen county; that believing such representations of Chenowith to be true, and relying upon the records of such recorder's office, appellant, in good faith and in the regular course of business, purchased said piano from Chenowith who had been, for more than two years, in undisturbed possession thereof as its apparent owner, for a valuable consideration and with the knowledge and acquiescence of appellee; that soon after appellant so purchased said piano, he sold the same in the regular course of his business to a customer, whose name was unknown to him, and, since such sale, he had no control over or possession of said piano; that such sale was made by appellant before he had any knowledge, information or reason to believe that appellee, or any other person, had or claimed to have an interest in said piano; and appellant admitted that such piano was worth $150, and that, at the commencement of this suit, there was due appellee from Chenowith on said notes the sum of $70, and interest and attorneys' fees; and appellant averred that, by reason of his acts and the facts aforesaid, appellee was and ought to be estopped from asserting any claim to said piano or for the value thereof, and he demanded judgment.

We have given appellant the benefit of a fuller statement of the second paragraph of his answer, than we otherwise would have done, for the reason that we have found it difficult to determine upon what precise theory the pleading was constructed. It would seem from the entire paragraph of answer, that it was prepared by the pleader for a two-fold purpose, namely : 1. To show as nearly as it could be done, by the note and agreement executed by Chenowith to the appellee, and the delivery of the possession of the piano by appellee to Chenowith, the sale of the piano was not conditional,

but absolute, and the title to the instrument passed at once to Chenowith, as purchaser. And, 2. If the sale of the piano to Chenowith should appear to be conditional, and not absolute, to show that appellee, by his conduct and laches in the premises, had estopped himself from asserting his title to such piano, or any claim for damages for the wrongful conversion thereof by appellant to his own use.

As to the first of these purposes, it will suffice to say, we think, that Chenowith's note and agreement to and with the appellee, which were executed contemporaneously and must be construed together as parts of one and the same transaction, and which were a part of appellant's answer herein, show very clearly that appellee did not sell, but only agreed to thereafter sell, the piano described in the complaint to Chenowith, and that such instrument was to remain the property of appellee until it was fully paid for; and that, until that time, Chenowith should have no property in, and no right to sell, mortgage, pledge, or make any other disposition whatever of, the aforesaid instrument.

The legality and validity of such a conditional sale of personal property have often been recognized in the decisions of this court. In *Lanman* v. *McGregor*, 94 Ind. 301, a case similar in some of its features to the case in hand, this court said : " Where, in such a case, the vendee of the personal property, without the knowledge or consent of the vendor, sells the property to third parties, who convert the same to their own use, they acquire no title to the property as against the original vendor, and are liable to him for its value or, as in this case, for the balance due him from his vendee on the agreed price thereof." Upon the same subject, see, also, the following cases: *Bradshaw* v. *Warner*, 54 Ind. 58 ; *Evansville, etc., R. R. Co.* v. *Erwin*, 84 Ind. 457 ; *Payne* v. *June*, 92 Ind. 252.

In so far as the answer attempted to show that appellee was estopped, by his conduct or laches, from asserting his claim for damages for the wrongful conversion of his piano, it

seems to us that the facts stated were wholly insufficient to constitute a valid estoppel *in pais.* It was not shown that appellee misrepresented to, or concealed from, appellant any material fact, or that appellant was induced to act in the premises by anything said or done by appellee. *Long* v. *Anderson,* 62 Ind. 537; *Lash* v. *Rendell,* 72 Ind. 475; *Buck* v. *Milford,* 90 Ind. 291.

The court did not err, we think, in sustaining appellee's demurrer to the second paragraph of appellant's answer.

3. It is claimed that the court erred in overruling appellant's motion for an order requiring appellee to answer two interrogatories more specifically. There is no available error, we think, in this ruling of the court. To the first of these interrogatories, the answer was indefinite as to time, but so was the interrogatory. To the last of the two interrogatories the answer was: " I can not remember." This answer was as specific as it could be made, if it was true; and appellant's motion did not question its truth.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 11, 1886; petition for a rehearing overruled March 11, 1887.