## WEST ET AL. *v.* FULLING, TRUSTEE.

[No. 5,569.    Filed December 5, 1905.]

1.  SALES.—*Conditional.—Reserving Title.—Contracts.—Validity.*
    —A conditional sale of a stock of goods by the vendor who
    reserves title to such stock and the continuing stock until such
    stock is paid for, as between such vendor and the vendee, is
    neither fraudulent nor void.    p. 619.

2.  SAME.—*Conditional.—Reserving Title.—Rights of Vendee.*—
    Where the vendor of personal property sells same, not for the
    purposes of consumption or resale, and reserves the title until
    the purchase price is fully paid, such vendee, prior to payment
    therefor, can neither sell nor encumber such property.    p. 620.

3.  SAME.—*Conditional.—Power of Disposition.—Reserving Title.
    —Right of Vendee's Creditors.—Bankruptcy.—Preferences.*—
    Where the vendors sold a stock of goods, granting the power to
    sell to the vendee, and reserving title to such sold stock and
    the continuing stock until payment was made, such reservation
    is fraudulent and void as to such vendee's creditors, and where
    such vendors retake such stock upon default in such payment,
    the trustee in bankruptcy can recover the value thereof from
    such vendors, as an unlawful preference.    p. 620.

4.  APPEAL AND ERROR.—*Same Question Variously Presented.*—
    Where the same question is presented on the complaint, instruc-
    tions and evidence, a decision on one suffices for all.    p. 621.

From Warrick Circuit Court; *Elbert M. Swan,* Judge.

Action by Henry F. Fulling, as trustee in bankruptcy of
the estates of D. A. Bauman and another, against William
T. West and another.    From a judgment for plaintiff, de-
fendants appeal.    *Affirmed.*

*Thomas W. Lindsey,* for appellants.
*Edward Gough* and *Henry F. Fulling,* for appellee.

WILEY, J.—Action by appellee against appellants to re-
cover an unlawful preference under the bankruptcy act.
Trial by jury; verdict and judgment in appellee's favor.
Motion for a new trial and in arrest of judgment overruled.
The sufficiency of the complaint was questioned by demur-

rer which was overruled.   All these rulings, which are adverse to appellants, are assigned as errors.

There is no substantial controversy as to the facts disclosed by the record, and the sole question for decision depends upon a written contract between appellants and D. A. Bauman.

Prior to March, 1902, appellants were engaged in the retail grocery business.   On the 18th of that month they sold a half interest in their stock of groceries to Herbert Gray for a cash consideration of $600, and sold the other half interest therein to D. A. Bauman, and entered into a written contract with him by which he was to pay the amount agreed upon in monthly payments on the first day of each succeeding month, at the rate of $15 per month until the entire purchase price should be paid.   The contract provided that, on his failure to make such payment for a period of two months, all previous payments should be treated as rental for the stock of goods sold, and gave to appellants the right to take immediate possession of the goods and convert them to their own use.   By the contract it was agreed that the title to the goods sold and all renewals of stock in trade should remain in appellants until full payment of their debt, and it was further provided that if said Bauman "shall pay said W. T. West and J. H. McCulla, or make satisfactory payment, or make sale of the aforesaid stock that will be satisfactory to all parties, then this contract shall be void."   Gray and Bauman continued the business of retailing groceries under the firm name of "D. A. Bauman & Company" until December 11, 1902, when Bauman failed to make the payments due under his contract.   Thereupon appellants took possession of his one-half of the stock of goods remaining unsold, converted it to their own use, and together with Gray continued to sell the goods at retail until January 13, 1903, when they divided the goods and fixtures remaining, appellants taking one-half and Gray one-half.   On March 11, 1903, Bauman and Gray, un-

der the firm name of D. A. Bauman & Company, filed their petitions in bankruptcy, and appellee was duly elected as the trustee of their estates.

In his complaint the appellee avers all these facts, and alleges that the contract between appellants and Bauman was fraudulent and void, and had no further effect than to pass the title to the goods unconditionally to Bauman, and that they could not retain the title thereto, and that appellants had knowledge of the insolvency of Bauman when the goods were taken possession of by them under their contract, and the same was an unlawful preference. It is disclosed by the record that under the contract of sale Bauman was authorized to, and did continue to, sell the goods at retail. The question for our consideration is this: As against the creditors of D. A. Bauman, was the contract between appellants and Bauman such a contract as vested the title to the goods in Bauman absolutely, or was it such a contract as would entitle appellants to retain the title to the goods until their debt had been paid? The question is presented by the complaint, the instructions and the evidence. It may therefore be decided by determining the sufficiency of the complaint.

If, under the facts pleaded and as disclosed by the contract between appellants and Bauman, it can be said that the sale to Bauman was conditional—that is, that appellants were to retain the title until the goods were paid for—then, of course, the title never passed, and they would be entitled to take possession of the property in default of Bauman's compliance with the terms of the contract. As between appellants and Bauman it is clear that the contract was neither fraudulent nor void, but if under the facts it would be declared as a question of law that the sale was absolute and that the title vested in Bauman, then as between appellants and creditors of Bauman the contract was fraudulent and void.

It is the well-settled law in this State that where the owner of personal property sells and delivers it to the purchaser, not for the purposes of consumption or re-sale, upon the expressed condition and agreement that the title to such property shall remain in the vendor until the purchase price is fully paid, the vendee prior to such payment can neither sell nor encumber the property in such manner as to defeat the title of the original vendor. *Winchester Wagon Works* v. *Carman* (1887), 109 Ind. 31, 58 Am. Rep. 382; *Steele* v. *Aspy* (1891), 128 Ind. 367; *Thomas* v. *Winters* (1859), 12 Ind. 322; *Dunbar* v. *Rawles* (1867), 28 Ind. 225, 92 Am. Dec. 311; *Bradshaw* v. *Warner* (1876), 54 Ind. 58; *McGirr* v. *Sell* (1877), 60 Ind. 249; *Domestic Sewing Machine Co.* v. *Arthurhultz* (1878), 63 Ind. 322; *Payne* v. *June* (1883), 92 Ind. 252; *Lanman* v. *McGregor* (1884), 94 Ind. 301; *Baals* v. *Stewart* (1887), 109 Ind. 371.

It is equally well settled that, where a vendor of personal property sells it upon credit and grants to the vendee the right to sell the same at retail, the doctrine in relation to conditional sales can not apply and does not govern such a sale. *Winchester Wagon Works* v. *Carman, supra.* In that case, discussing the rule, the court said: "For, in such case, the purposes for which the possession of the property was delivered to the original vendee are inconsistent with the continued ownership thereof by the original vendor, and for this reason the condition, upon which the sale and delivery were made, must be deemed fraudulent and void as against purchasers from the original vendee of the property."

In *Steele* v. *Aspy, supra,* it was held that where a sale of goods was made to one who, under the contract, had a right to retail them, an expressed stipulation that such sale was conditional, and the title should not pass until the goods were paid for, was void as to the creditors of the vendee. It

was also held in that case that the vendor of chattels retains no lien thereon for purchase money after he has voluntarily yielded possession to the vendee.

In the case of *Hench* v. *Eacock* (1899), 21 Ind. App. 444, in referring to *Winchester Wagon Works* v. *Carman, supra,* this court said: "Under the authority of the above case, the reservation of title in appellants would be fraudulent and void as to the purchasers from the vendee at retail and in the ordinary course of business."

In *Devlin* v. *O'Neill* (1875), 6 Daly (N. Y.) 305, it was held that a sale of goods to be disposed of by the vendee at retail can not be conditional, and that an attempt to make it conditional is fraudulent and void as to the creditors of the vendee.

Also in *Ludden* v. *Hazen* (1860), 31 Barb. 650, it was held that a conditional sale of goods to be resold by the vendee at retail was fraudulent against purchasers and creditors, and that the form of the transaction should be deemed to be colorable and the title held to have vested absolutely in such vendee. See, also, *Griswold* v. *Sheldon* (1851), 4 N. Y. 581; Benjamin, Sales (3d Am. ed.), §319, note c. Under these authorities and upon principle it must be held that, when appellants sold to Bauman a one-half interest in their stock, conferring upon him the right to sell the same at retail, the title thereto vested absolutely in him. The facts pleaded and proved bring this case within the provisions of the bankruptcy act, which prohibits a preference and confers upon a trustee in bankruptcy the right to recover for such preference. These considerations lead us to the conclusion that the demurrer to the complaint was correctly overruled.

It is unnecessary for us to consider the questions which arise under the motion for a new trial and in arrest of judgment, for they present, only in a different manner, the question we have decided in holding the complaint sufficient.

Judgment affirmed.