In re GILLIGAN.

TROY WAGON WORKS CO. v. HANCOCK.

(Circuit Court of Appeals, Seventh Circuit. October 24, 1906.)

No. 1,281.

1. SALES—CONDITIONAL SALES—RESERVATION OF TITLE—VALIDITY.

Under the Indiana law a conditional sale of personal property by a manufacturer to a retailer for the purposes of resale with an agreement reserving title in the seller until the goods are paid for was fraudulent and void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1352.]

2. COURTS—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

Acts Ind. 1901, p. 565, c. 247, § 1, provides that the jurisdiction of the Appellate Court shall be final except where the case is transferred to the Supreme Court, or the Supreme Court, on application, shall order the case certified to it, or in cases involving a sum exceeding $6,000. *Held* that, where a decision of the Appellate Court was not plainly in conflict with the decisions of the Supreme Court of the state, it was the duty of a federal court sitting in such state in applying the state law to follow such decision.

Appeal from the District Court of the United States for the District of Indiana.

The order of the District Court appealed from was the denial of the petition of the appellant asking for the return to appellant of a certain lot of wagons sold by appellant to the bankrupt, upon an alleged conditional sale, that on the adjudication of bankruptcy went into the possession of the trustee.

The petition recites, and the court found, that on the 20th of July, 1905, the bankrupt ordered of appellant twelve farm wagons to be paid for in three, six, and nine months, at the price of seven hundred and two dollars, and fifty-three cents, the sale and delivery being upon this condition: "The title to all goods under this or any subsequent order is to remain in the Troy Wagon Works Company (unless at their option it shall be waived), and the goods are to be held at all times subject to their order until paid for; and if sales are made before payment the proceeds of all such sales, whether cash, book accounts, or notes, are to be held subject to the order of the Troy Wagon Works' Company, until all the obligations arising under this contract are fully paid in money. It is further agreed that notes taken by the Troy Wagon Works Company in settlement are not accepted as payment, but only as evidence of liability."

The further facts are stated in the opinion.

Chas. Martindale, for appellant.

Chas. A. Dryer, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

There being no creditors having special equities in the bankrupt estate, the sole question presented by this record is, whether under the Indiana law, the conditional sale of personal property by a manufacturer to a retailer, for the purposes of resale, with an agreement to reserve title in the original vendor until paid for, is valid or not; and to determine such question we go to the Indiana law, in force at the time that the order appealed from was entered, as interpreted by her own courts.

The chief cases relied upon by appellant are Lanman v. McGregor, 94 Ind. 301; McGirr v. Sell, 60 Ind. 249; Kiefer v. Klinsick, 144 Ind. 46, 42 N. E. 447. In McGirr v. Sell, it does not appear that the transaction was a sale at all. Judge Anderson in the District Court, regarded it as a bailment, and we are disposed to agree with his judgment; and what the Supreme Court of Indiana said in Kiefer v. Klinsick does not change our view in that respect.

Lanman v. McGregor was a case where the owner of timber allowed a party to cut down and manufacture staves, the staves to remain on the land, and the title not to pass until paid for, to be paid for upon delivery. Such a transaction is wide of one involving the sale of completed articles to be resold, and does not involve the principles, that under the decisions of New York and other states, make invalid the conditional sale of articles delivered to the vendee, to be by him resold.

With these cases before it—the only ones tending to support appellant's contention—and with other cases of the Supreme Court of Indiana, notably Winchester v. Carman, 109 Ind. 31, 9 N. E. 707, 58 Am. Rep. 382, in which the court indicates, though perhaps by obiter dicta, that the possession of property held by the retailer, for sale, would be inconsistent with continued ownership by the vendor, the Appellate Court of Indiana in West v. Fulling (Ind. App.) 76 N. E. 325, passed squarely upon the proposition under review, holding that an alleged contract under which the vendor sold groceries to another, authorizing the buyer to sell the same in the ordinary course of business, but reserving title until the goods were paid for, was fraudulent —the court reviewing all the Indiana cases, and some of the New York cases on the subject.

Under the statute creating the Indiana Appellate Court (Section 10, Indiana Acts 1901, p. 567, c. 247), it is provided that the jurisdiction of the Appellate Court shall be final, except in the event that the case is transferred to the Supreme Court; or in case that the Supreme Court, upon application, shall order the case certified to it; or in cases involving a sum exceeding six thousand dollars.

West v. Fulling was the interpretation, by the Appellate Court, of the law of Indiana. It purported to declare the law in the light of the previous declarations of the Supreme Court, as far as those decisions went. Unquestionably it was an interpretation, the Appellate Court decision being in fact final, that the nisi prius courts of Indiana would feel bound to follow; for whatever may be the limitation on the rights of the Appellate Court, contrary to the judgment of the Supreme Court, to change the interpretation of Indiana law, the decision in West v. Fulling cannot be said to be plainly contrary to the

decisions of the Supreme Court. The most that could be said' would be, that the Appellate Court, seeking to follow the decisions of the Supreme Court, had possibly misinterpreted them—an assumption that would not relieve the nisi prius courts of Indiana, or the United States District Court sitting for that District, from the duty of following the decision. Upon the authority of West v. Fulling, therefore, unmolested by the Supreme Court of Indiana, we feel ourselves bound to affirm the order appealed from.

NOTE.—The following is the opinion of Anderson, District Judge, in the court below:

ANDERSON, District Judge,   On January 10, 1905, in the Matter of Warren H. Needham, Bankrupt on Petition of Mishawaka Woolen Company, this court filed the following memorandum:

"In the case of In re Garcewich, 115 Fed. 87, 89, 53 C. C. A. 510, 512, the Circuit Court of Appeals for the Second Circuit used the following language: 'It is the settled law of this state that personal property may be sold and delivered under an agreement for the payment of the price at a future day and the title by express agreement remain in the vendor until the payment of the purchase price. In such a case the payment is strictly a condition precedent, and until the performance the title does not vest in the buyer. It is one of the exceptional cases in which the law tolerates the separation of the apparent from the real ownership of chattels when the honesty of the transaction is made to appear; but when the purpose for which the property is delivered is inconsistent with the continued ownership of the vendor, the transaction will be presumed fraudulent as against purchasers and creditors. The transaction will be deemed merely colorable and the title to have vested absolutely in the buyer. Ludden v. Hazen, 31 Barb. (N. Y.) 650; Frank v. Batten, 49 Hun, 91, 1 N. Y. Supp. 705; Bonesteel v. Flack, 41 Barb. (N. Y.) 435. When the property is delivered to the vendee for consumption or sale, or to be dealt with in any way inconsistent with the ownership of the seller, or so as to destroy his lien or right of property, the transaction cannot be upheld as a conditional sale, and is a fraud upon the creditors of the vendee.' "

In the case of the Winchester Wagon Works & Manufacturing Company v. Carmen, 109 Ind. 31, 34, 9 N. E. 707, 58 Am. Rep. 382, the Supreme Court of Indiana said: "The law seems to be well settled in this state, that where the owner of personal property sells and delivers it to a purchaser, not for the purpose of consumption or resale, at an agreed price payable at a future day, upon the express agreement that the title to such property should remain in the vendor thereof until the purchase price was fully paid, the vendee of such property, prior to such payment, can neither sell nor encumber the property in such manner as to defeat the title of the original owner and vendor thereof. Thomas v. Winters, 12 Ind. 322; Dunbar v. Rawles, 28 Ind. 225, 92 Am. Dec. 311; Bradshaw v. Warner, 54 Ind. 58; McGirr v. Sell, 60 Ind. 249; Domestic S. M. Co. v. Arthurholtz, 63 Ind. 322; Payne v. June, 92 Ind. 252; Lanman v. McGregor, 94 Ind. 301; Baals v. Stewart, 109 Ind. 371, 9 N. E. 403. But where, as here, it appears that a manufacturer and wholesale vendor of articles of personal property sells upon credit, and delivers a lot of such articles to a retail dealer therein, for the apparent or implied purpose of resale by such vendee, it is clear, we think, that the doctrine in relation to conditional sales cannot apply to or govern such a sale in a controversy as to such articles between the original vendor and the purchasers thereof from the original vendee. For, in such a case, the purposes for which the possession of the property was delivered to the original vendee are inconsistent with the continued ownership thereof by the original vendor, and for this reason the condition upon which the sale and delivery was made must be deemed fraudulent and void as against purchasers from the original vendee of the property. In Devlin v. O'Neill, 6 Daly (N. Y.) 305, it was held that a sale of goods, to be disposed of by the vendee at retail, cannot be conditional, and that an attempt to make it conditional is fraudulent and void as to creditors of the vendee. So, also, in Ludden v. Hazen, 31 Barb. (N. Y.) 650, it was held by the Supreme

Court of New York that a conditional sale of goods to be resold by the vendee at retail was fraudulent as against purchasers and creditors, and that the form of transaction should be deemed to be colorable, and the title to have vested absolutely in such vendee. See, also, Griswold v. Sheldon, 4 N. Y. 581, 591; Benj. Sales (3d Am. Ed.) section 319, note e."

It is plain from the foregoing that in such a sale as is shown in the case at bar the condition is void as to purchasers. It has not yet been held by the Indiana Supreme or Appellate Courts that such conditional sale is void as to creditors, but the reasoning upon which the Winchester Wagon Works Case is based applies with as much force to creditors as to purchasers. In that case the condition was held to be fraudulent and void as to the purchaser, upon the ground that "the purposes for which the possession of the property was delivered to the original vendee are inconsistent with the continued ownership thereof by the original vendor, and for this reason the condition * * * must be deemed fraudulent and void as against purchasers," etc. The decision is put upon the ground that a sale of goods for the purpose of resale, and a retention of title in the vendor cannot stand together; that they are inconsistent with each other, and therefore the condition fails. If, by the very logic of the situation, the condition fails in such a sale, it necessarily follows that the title of the vendee becomes absolute. The cases cited by the Supreme Court of Indiana in the Winchester Wagon Works Case, in support of it, hold that the attempt to make such a sale conditional is fraudulent and void as to creditors as well as purchasers. The decision of the referee, is affirmed."

Since the foregoing decision was made, the Appellate Court of this state, on December 5, 1905, in the case of Fulling et al. v. West et al., 76 N. E. 325, 36 Ind. App. 617, has decided this question in the same way it was decided by this court. It is conceded by counsel for petitioner that the case of Fulling v. West controls this court, and rules this case, unless the Supreme Court of Indiana has held otherwise; and counsel for petitioner claims that the Supreme Court has held otherwise in McGirr v. Sell, 60 Ind. 294. An examination of McGirr v. Sell discloses the fact that that case did not involve a conditional sale at all. The only question raised and decided was as to the sufficiency of an answer in which it was attempted to set up an estoppel. The two barrels of whisky involved in that suit had never been sold by Sell to McCoy. They were purchased by McCoy from a firm in Cincinnati (see bottom of page 251), and never were and never could have been sold by Sell to McCoy by conditional or absolute sale.

The decision of the referee is affirmed.