In re BEMENT.

SMITH v. MISHAWAKA WOOLEN MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. April 13, 1909.)

No. 1,516.

1. SALES (§ 474*)—CONDITIONAL SALES—VALIDITY UNDER WISCONSIN STATUTE
   —UNRECORDED CONTRACTS.

   Under St. Wis. 1898, § 2317, which provides that no contract for the
   sale of personal property, by the terms of which the title is to remain in
   the vendor and the possession thereof in the vendee until the purchase
   price is paid, shall be valid against any other person than the parties
   thereto, or those having notice thereof, unless the contract shall be in
   writing, and filed for record, etc., such a sale of goods, which go into the
   possession of a retailer for resale, is fraudulent as against the general
   creditors of the purchaser, unless the contract is filed for record, and the
   reservation of title in the vendor is void.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391–1402; Dec.
   Dig. § 474.*

   What constitutes a contract of conditional sale, see note to Dunlop v.
   Mercer, 86 C. C. A. 448.]

2. BANKRUPTCY (§ 185*)—RIGHTS VESTING IN TRUSTEE—RIGHTS OF CREDITOR.

   A trustee in bankruptcy has power to represent general creditors of the
   bankrupt in resisting claims that, were the creditors permitted to resist
   them, would be invalid under the statutes of the state.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 185.*]

Appeal from the District Court of the United States for the Western
District of Wisconsin.

The appeal is by the trustee in bankruptcy, from an order of the Court be-
low (158 Fed. 885), directing the trustee to turn over to appellee, the Mish-
awaka Woolen Manufacturing Company, certain goods described in its pe-
tition.

February 14th, 1907, upon petition, filed Dec. 8th, 1906, George B. Bement
was declared a bankrupt, and Frank L. Smith duly appointed trustee of the
estate. The petition of appellee, a corporation organized under the laws of
the state of Indiana, alleges that on the 3d of February, 1906, it and Bement
entered into two contracts in writing, by the terms of which petitioner agreed
to sell and deliver to Bement, certain personal property therein described, a
portion of it described as lot No. 1, and a portion of it as lot No. 2, all of
which was subsequently delivered; that by the terms of the contracts "the
title and property in all the goods herein mentioned shall remain in the ven-
dor until fully paid for in cash, if payment for the same shall not be properly
made when due or if at any time before the same shall be fully paid for the
purchaser shall become insolvent, or shall, in the opinion of the vendor, be in
danger of insolvency, or the vendor, in its judgment, shall, for any reason,
whatever, deem itself in danger of losing the price of the said goods, then the
vendor may, at its option, reclaim and take possession of so much of the said
goods as shall then remain in the hands of the purchaser unsold"; that no
part of the purchase price of said goods has been paid, whereby the title re-
mains in the petitioner; that upon a replevin suit in the Circuit Court of
Green County, Wisconsin, the possession of said goods known as lot No. 1,
were recovered; that the possession of said goods known as lot No. 2 were
not recovered, although at the time Bement was adjudged a bankrupt, they
were still in his possession, and are now in the possession of the trustee; and
praying for an order upon the trustee to deliver over to petitioner the goods
known as lot No. 2, and to ratify and confirm the taking of the goods embrac-
ed in lot No. 1; to which the trustee answers that by section 2317 of the Wis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consin Statutes of 1898, every contract of the nature set forth, in order to be valid, must be filed in the office of the clerk of the town, village or city in which the vendee resides, or in which the goods are located; and that no such contract has ever been filed in the manner required; to which answer appellee filed a general demurrer; which demurrer, though overruled by the referee, was sustained by the Court and the order appealed from was entered.

E. D. McGowan and Emerson Ela, for appellant.

Charles E. Buell, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts as above, delivered the opinion.

In some states, by general law, conditional sales of goods that go into stock to be sold by retail are, as against creditors, held to be invalid; there being in this respect a clear distinction between machinery that becomes a permanent part of some factory building, and goods that go into the possession of the retailer for resale. Troy Wagon Co. v. Hancock, Trustee, 152 Fed. 605, 81 C. C. A. 595 (Circuit Court of Appeals, Seventh Circuit). The ground for this distinction is that to allow such secret title to attach to goods in the vendees' possession for resale is a constructive fraud upon creditors.

No conditional sale holding of this character, by the courts of Wisconsin, has been brought to our attention; nor any holding of the Wisconsin courts contrary thereto. But those courts have held, upon precisely the same grounds, that chattel mortgages on goods going into stock for resale—no provision being made that the money thus received should be turned over to the mortgagee—is a constructive fraud upon creditors; and though, technically, in the case of a chattel mortgage, title passes, while in conditional sales title is reserved, the considerations of public policy that make the transaction a constructive fraud upon creditors is the same in the one as in the other.

In the absence of decision by the Wisconsin courts we would hold this to be the law in Wisconsin; all the more so when we take into consideration section 2317 of the Wisconsin Statutes of 1898, as follows:

"No contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto and those having notice thereof unless such contract shall be in writing, subscribed by the parties, and the same or a copy thereof shall be filed in the office of the clerk of the town, city or village where the vendee resides, or if he shall not be a resident of the state then in the office of the clerk of the town, city or village where the property may be at the time of making such contract, and such clerk shall file, keep and index the same in like manner as mortgages of personal property and receive a like compensation therefor; but the effect of such filing shall not extend for more than one year after the time fixed for payment of the contract price or for the performance of the other conditions of such sale."

But it is contended the trustee in bankruptcy cannot question the validity of appellee's title, for the reason that he takes only the title and right of the bankrupt, and therefore cannot assert a right belonging to the creditors. That the defense the trustee makes to appellee's

petition is a defense that only the creditors could assert, had there been no proceedings in bankruptcy, is perhaps beyond dispute. Does this fact, under the decisions of the Supreme Court, make that defense unavailing in the hands of the trustee?

The question was raised, but not expressly decided in Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117, where the preceding authorities were reviewed. One of those authorities was the Hewit Case, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986—the sale of machinery to the bankrupt on condition that title should not pass until the property was paid for; but the incapacity of the trustee to resist the application of the vendor for the return of his goods, in that case, was placed upon the fact that under the statutes of New York conditional sales were only void against "subsequent purchasers, pledgees, or mortgagees in good faith," and that the trustee was not a subsequent purchaser, pledgee or mortgagee.

Local statutes of the same kind determined the judgment of the court in Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, and Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956.

In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782 (the goods involved were machinery for an ice plant), it was found that the policy of Ohio, expressed through her statutes, as construed by her Supreme Court, made conditional sales of such property valid except as against creditors "who had taken actual steps to fasten upon the property for the payment of their debts"; and it was upon this predicate, and this predicate alone, that the Supreme Court based its decision that the vendor might assert his lien upon the machinery, no creditor having taken steps prior to the adjudication in bankruptcy, to "fasten upon" the property. "There were no such creditors" said the court in the opinion. "And hence there was no one who could question the validity of the instrument at the time the trustee's title would have accrued. * * * We hold that as the conditional sale was valid by the law of Ohio, except as to a certain class of creditors, if there were no such creditors there was no one who could question the validity of the instrument; that the adjudication in bankruptcy did not give the trustee the right to do so, because in that case, the adjudication did not operate as the equivalent of a judgment or attachment, or other specific lien upon the property." Security Warehousing Co. v. Hand, supra. In none of these cases, therefore, and in no case that has been called to our attention, has the right of the trustee to represent creditors, in a case where creditors may assert the invalidity of a conditional sale, been either raised or questioned. That the trustee in bankruptcy may thus represent creditors, we think clear. As stated by the Circuit Court of Appeals for the Se nd Circuit, in Re New York Economical Printing Co., 110 Fed. 514, 49 C. C. A. 133 (quoted with approval by the Supreme Court in the Hewit Case, supra), if the lien "is one which has been obtained in contravention of some provision of the act, which is fraudulent as to creditors, or invalid as to creditors for want of record, it is invalid as to the trustee." True, an adjudication in bankruptcy vests the trustee, as representative of the

bankrupt, with no better right or title to the property than the bankrupt had when the adjudication took place. But the trustee is, by the adjudication in bankruptcy, vested also with exemptions and immunities respecting such property that the bankrupt did not possess; among them, immunity against the right of the creditor to proceed, either by attachment or execution, to fasten upon the property. In other words, while the title of the bankrupt is not, by the adjudication in bankruptcy, enlarged through the fact that it has gone into the hands of the trustee, the adjudication none the less suspends the rights of the creditors to proceed. To some extent at least the trustee has taken the place of the creditors, in bankruptcy. He has possession of the property that otherwise would be open to them to make good their claims; but they may not seize it. He has under the law, the power to sell the property, and distribute the proceeds; and this is the only access the creditors have, either to the property or its proceeds. He stands, from the moment of the adjudication, possessed of the whole sum of power that all the creditors might have exercised had not the adjudication taken place—all things considered, a substitution of trustee for creditors that carries with it, we think, the power to represent the creditors against the assertion of claims, that were the creditors permitted to resist them, would, under the express language of the local laws of Wisconsin, render the claim invalid.

The order of the District Court appealed from is reversed with instructions to enter an order overruling the demurrer to the answer, and to proceed further in accordance with this opinion.