### HAMILTON v. DAVID C. BEGGS CO.

(Circuit Court, S. D. Ohio, E. D. January 5, 1910.)

No. 1,434.

1. SALES (§ 474*)—CONDITIONAL SALES—FAILURE TO FILE—EFFECT—"CREDITORS."

Rev. St. Ohio 1908, § 4155—2, provides that all conditional sale contracts shall be void as to all subsequent purchasers and mortgagees in good faith and "creditors" unless evidenced by a writing, signed, etc., and also unless a statement under oath by the seller, of the amount of the claim, deposited with the county recorder of the county where the person signing the instrument resides at the time of its execution, if a resident of the state, and, if not, with the county recorder of the county in which the property sold is situated. Section 4150 provides that a chattel mortgage not accompanied by immediate delivery, and followed by actual and continued change of possession of the things mortgaged, shall be void as against the creditors of the mortgagor, unless a true copy is filed, etc. *Held*, that the word "creditors," as used in section 4155—2, included the same persons as were included by the same word used in section 4150, and, the latter having been construed by the Ohio court of last resort to include all creditors of the mortgagor represented by a duly appointed receiver, section 4155—2 should be construed to invalidate an unfiled conditional sale contract as against all creditors of the buyer represented by a re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceiver appointed by the federal court, under the rule that the construction of state statutes by the highest court of the state is conclusive on federal courts.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. § 474.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1728; vol. 8, pp. 7622, 7623.]

2. COURTS (§ 367*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—
RULES OF PROPERTY.

Under Rev. St. U. S. § 721 (U. S. Comp. St. 1901, p. 588), providing that the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in courts of the United States in cases where they apply, the Ohio rule. that, if property covered by an unfiled chattel mortgage passes into the hands of a receiver, the mortgage lien is lost, and the rights of creditors are the same as if the mortgagor had given an assignment in trust for their benefit, will be regarded as a rule of property and applied in proceedings in a federal court sitting in that state to administer assets of an insolvent through a receiver, as against the holder of an unfiled conditional contract of sale of goods to the insolvent, and not the federal rule that the possession of a receiver is only that of the court, and adds nothing to the previously existing title of the mortgagee, the receiver holding for the benefit of whomsoever it shall be found to concern.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 942, 944, 958; Dec. Dig. § 367.* ·

State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

Action by John Hamilton against the David C. Beggs Company. On petition for the allowance of the claim of the National Cash Register Company. Claim allowed as a general claim.

Wilson & West, for National Cash Register Co.
Arnold, Morton & Irvine, for receivers.

SATER, District Judge. The National Cash Register Company, under contracts of conditional sale, delivered to the defendant company on May 21, 25, and June 30, 1908, a number of cash registers for use in its department store. On July 17, at the instance of complainant, a creditor, this court appointed receivers, who took possession of all the property of every kind and character belonging to and held by the defendant, which subsequently proved to be insolvent, including the registers in question. The contracts of sale were not filed in the county recorder's office until July 20. The defendant had defaulted in the payment of the first installment of the purchase price of the registers. The receivers used them in operating the store, but paid nothing on them. By the terms of the several contracts, the default in payment rendered the whole of the purchase price at once due and payable and gave the register company the right to repossess itself of the registers and remove them from the defendant's place of business. Its first demand for possession followed the appointment of the receivers. It now seeks restoration of the registers or full payment of their purchase price. The receivers dispute its right to either. Section 4155—2, being so much of the Ohio conditional sales act as is material, is as follows:

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer or deliverer of the same, until such sum or the value of such property or any part thereof shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors unless such conditions shall be evidenced by writing, signed by the purchaser, lessor, renter, hirer or receiver of the same, and also a statement thereon, under oath, made by the person so selling, leasing or delivering any property as herein provided, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that the same is a copy, deposited with the county recorder of the county where the person signing the instrument resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the county recorder of the county in which said property so sold, leased, rented, hired or delivered is situated at the time of the execution of the instrument; and the officer receiving any such instrument shall proceed with the same in all respects as he is required to do by section four thousand one hundred and fifty-two of the Revised Statutes of Ohio, and shall receive the same fees as are allowed by law for similar services in other cases."

Were this a proceeding in bankruptcy, and not a suit of a purely equitable nature, the case would be controlled by York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. No reported case involving the Ohio act has been found which determines the status of a vendor who, having sold his property, failed to file his contract of conditional sale with the county recorder until after receivers, duly appointed by a federal court in a case purely equitable, had taken possession of such property as a part of that of the vendee.

The solution of the question involved may be wrought out by an application of the rule which fixes the status of the owner of a chattel mortgage which has not been filed as required by statute, or until after the mortgagor's property has passed into the hands of a receiver, or of an assignee in trust for the benefit of creditors. Section 4150, Rev. St., relating to chattel mortgages, provides that:

"A mortgage, or conveyance, intended to operate as a mortgage, of goods and chattels which is not accompanied by an immediate delivery and followed by actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the mortgage, or a true copy thereof, be forthwith deposited as directed in the next section."

The next section (4151) provides that a chattel mortgage shall be deposited with the county recorder of the county where the mortgagor resides at the time of its execution, if a resident of the state, and, if not such resident, then with the county recorder of the county in which the property so mortgaged is situated at the time of the execution of the instrument. Section 4152, referred to in the last clause of section 4155—2, provides for the indorsements to be made by the county recorder on chattel mortgages when filed or refiled, for their indexing and preservation, and for noting the date of their refiling or cancellation. A chattel mortgage, like a contract of conditional sale, must be verified before filing. The framers of the act regulating conditional sales manifestly borrowed the language of the

chattel mortgage statute, and imposed on the vendor the same mode of procedure to preserve his rights as is exacted of a chattel mortgagee.

So long as the mortgagee retains possession of the mortgaged property, and no creditor seizes it on execution or attachment or by any other process known to the law, the mortgage, though unfiled, is good as between the mortgagor and mortgagee. Wilson v. Leslie, 20 Ohio, 161; Kilbourne v. Fay, 29 Ohio St. 264, 23 Am. Rep. 741. But if the mortgagee makes an assignment under the state law, the mortgage, if invalid as against creditors, whether from want of filing or otherwise, then becomes void as against the assignee for the benefit of creditors, antecedent as well as subsequent to the date of its execution and without regard to notice, whether they have secured a specific lien on the property covered by the mortgage or not, because under the statute the assignee not only takes the assignor's property for the exclusive benefit of the creditors, but their rights may be asserted through the assignee for their benefit as fully as such rights could have been asserted by judgment and execution against the property. Hanes v. Tiffany, 25 Ohio St. 549; Westlake v. Westlake, 47 Ohio St. 315, 24 N. E. 412; Kilbourne v. Fay, supra; Besuden v. Besuden, 57 Ohio St. 508, 49 N. E. 1024; Blandy v. Benedict, 42 Ohio St. 295. As is said in the Blandy and the Westlake Cases, every right which the creditors might have asserted against the property before the assignment the assignee is bound to secure for their benefit after the assignment.

In Ohio the relation which a receiver bears to property given into his possession is so similar to that sustained by the assignee of an insolvent debtor that, if the property covered by an unfiled chattel mortgage passes into the hands of a receiver, the lien of the mortgage is lost, and the rights of the creditors are the same as if the mortgagor had made an assignment in trust for their benefit. The reason for this is found in the Ohio doctrine that the receiver's appointment "is an equitable remedy, bearing the same relation to courts of equity that proceedings in attachment bear to courts of law; the appointment being treated as an equitable execution. The purpose is to secure means for satisfying the final order and judgment of the court in the action, and the effect of the seizure is to place the property seized in the custody of the court. Railroad Co. v. Sloan, 31 Ohio St. 1." Cheney v. Maumee Cycle Co., 64 Ohio St. 205, 60 N. E. 207. The word "creditors," used in the statute requiring the filing of contracts of conditional sale, refers to the same class as the word "creditors" found in the chattel mortgage act, and consequently the former act renders the unfiled contract void as to the same class of creditors as is mentioned in the latter act. York M·fg. Co. v. Cassell, supra; Dolle ·v. Cassell, 135 Fed. 52, 67 C. C. A. 526. It follows, therefore, that if the property of a vendee, held under an unfiled contract of conditional sale, has passed into the hands of a receiver, and if no specific lien has been fastened on it, it is to be administered for the benefit of the vendee's creditors, unless the federal rule as to the status of receivers and of property involved in a receivership necessitates a different conclusion. That rule is that:

"The possession of the receiver is only that of the court, whose officer he is, and adds nothing to the previously existing title of the mortgagee. He holds, pending the litigation, for the benefit of whomsoever in the end it shall be found to concern, and in the meantime the court proceeds to determine the rights of the parties upon the same principles it would if no change of possession had taken place." Fosdick v. Schall, 99 U. S. 235, 251, 25 L. Ed. 339; Thompson v. Phœnix Ins. Co., 136 U. S. 287, 297, 10 Sup. Ct. 1019, 34 L. Ed. 408; White v. Ewing, 159 U. S. 36, 39, 15 Sup. Ct. 1018, 40 L. Ed. 67.

Section 721, Rev. St. U. S. (U. S. Comp. St. 1901, p. 581), provides that:

"The laws of the several states, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

In Bucher v. Cheshire Railroad Co., 125 U. S. 555, 583, 8 Sup. Ct. 974, 978, 31 L. Ed. 795, it was said that:

"Where a course of decisions, whether founded upon statutes or not, have become rules of property as laid down by the highest courts of the state, by which is meant those rules governing the descent, transfer, or sale of property, and the rules which affect the title and the possession thereto, they are to be treated as laws of that state by the federal courts."

The law of a state, therefore, is to be found, not only in its statutes, but also in the course of decisions, if there be such, rendered by its highest courts in reference to a given subject-matter, which have become rules of property.

Federal courts will, in actions at common law, on causes of action not created by federal statutes, follow the recording acts and statutes relating to chattel mortgages, conditional sales, and insolvents' assignments, so far as they are not affected by the bankruptcy act. Foster's Fed. Prac. (4th Ed.) § 375. In Etheridge v. Sperry, 139 U. S. 276, 277, 11 Sup. Ct. 569 (35 L. Ed. 171), Mr. Justice Brewer defined the attitude of federal courts as to chattel mortgage laws as follows:

"The matter is not one of purely general commercial law. While chattel mortgages are instruments of general use, each state has a right to determine for itself under what circumstances they may be executed, the extent of the rights conferred thereby, and the conditions of their validity. They are instruments for the transfer of property, and the rules concerning the transfer of property, are, primarily, at least, a matter of state regulation. We are aware that there is a great diversity in the rulings on this question by the courts in the several states; but, whatever may be our individual views as to what the law ought to be in respect thereto, there is so much of a local nature entering into chattel mortgages that this court will accept the settled law of each state as decisive in respect to any case arising therein. Chicago Union Bank v. Kansas City Bank, 136 U. S. 223 [10 Sup. Ct. 1013, 34 L. Ed. 341]."

In harmony with the foregoing are Brown v. Grand Rapids Parlor Furniture Co., 58 Fed. 286, 7 C. C. A. 225, 22 L. R. A. 817, and In re Shirley, 112 Fed. 301, 50 C. C. A. 252, decided by the Circuit Court of Appeals of this circuit. Bayne v. Brewer Pottery Co. (C. C.) 90 Fed. 754, was a suit instituted in the Circuit Court of the Northern District of Ohio, in behalf of general creditors, and involved a receivership. It was there held that the receiver succeeded

to the rights of the creditors as well as the corporation and might avoid a chattel mortgage given by the corporation which was void as to creditors by the state statute for want of filing, although such mortgage was valid as against the insolvent corporation. In other words, effect was given to the state statute and the decisions thereunder, notwithstanding the federal rule as to the status of receivers and of property passing under their control. So, too, by way of further illustration, the Indiana conditional sales act and the decisions thereunder by the state courts were followed in Re Gilligan, 152 Fed. 605, 81 C. C. A. 595. Contracts of conditional sale, however, like chattel mortgages, are instruments of general use for the transfer of property, and, as the state by legislative enactment determined for itself what rights should be conferred by such contracts and how those rights may be preserved, a federal court will give force to the law.

In view of the sameness of language employed in the chattel mortgage and the conditional sales acts, it may be presumed that the Ohio Supreme Court will apply the same rule to property in the hands of a receiver which is covered by an unfiled contract of conditional sale, as it has heretofore applied, in an unbroken line of decisions, to property covered by an unfiled chattel mortgage. When the language of a statute, like the chattel mortgage act, for instance, which has been for a time in force has received a fixed and settled construction, it is rational to conclude that the lawmaking body, acquainted with the interpretation which such language has received, in using it in another statute intended to adopt its received interpretation. Lessee of Gray v. Askew, 3 Ohio, 466; Grogan v. Garrison, 27 Ohio St. 63; In re Guggenheim Smelting Co. (C. C.) 121 Fed. 153; U. S. v. Central Park R. Co., 118 U. S. 235, 6 Sup. Ct. 1038, 30 L. Ed. 173. And while a federal court, in cases within its jurisdiction involving rights arising under state statutes which had not at the time been construed by the state courts, may exercise an independent judgment, it will nevertheless give effect to any rules of construction that may have been previously established by the highest court of the state when interpreting similar statutes, and for the sake of harmony, and to avoid confusion, should lean toward an agreement of views with the state courts, if the question seems balanced in doubt, and endeavor to avoid any unseemly conflict with well-considered decisions of such courts upon questions of local law. O'Brien v. Wheelock, 95 Fed. 883, 905, 37 C. C. A. 309; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359.

Giving effect, therefore, to the state statute relating to conditional sales, and applying the settled rule repeatedly announced by the state Supreme Court in interpreting a similarly phrased statute (the chattel mortgage act), the conclusion follows that the register company is not entitled to possession of the registers or to payment in full of their purchase price. Its position is that of a common creditor. As such it may prove its claim, and share in the distribution of the proceeds arising from the sale of the defendant's property. Besuden v. Besuden, supra.