By the Court. Oakley, Ch. J.
The question in this case is, who has the better title to the salamander safe, Herring or Willard? .
It is ■ contended on the part of the latter, that by Herring’s parting with' the possession of the property, and leaving it with Young & Co., as the apparent owners, Willard, on receiving a mortgage of the safe from Young & Co. for rent payable to him, became a bona fide purchaser of the same, and is entitled to retain it.
We have considered the matter, and think Herring has the better title. It is plain that he never parted with the title; and there is a fatal defect in the outset of Willard’s claim as a bona fide purchaser, in this, that it is not alleged in his answer, and it no where appears, that when he took his mortgage, he was ignorant of the arrangement between Herring and Young & Co., by which the safe was put into their possession; or that he received the mortgage without notice of Herring’s rights.
Independent of this point, we have no doubt, under the circumstances, that Herring is entitled to the property. There was not only a conditional sale of it to Young & Co., but a conditional . delivery also. In effect, the arrangement was only a letting of the safe to Young & Co., to be reclaimed if they did not pay the price fixed upon; and in that event, they were to pay rent for its use.
It is exactly the case of leasing personal property, such as the furniture of a house, for permanent use ; with the addition of an agreement to sell it at a future time, on receiving a stipulated price.
It is not like the case of property placed in the hands of one who keeps similar articles for sale ; as goods deposited with a merchant or trader. The general principle is, that the title of the real owner must prevail; and there are no circumstances here to warrant an exception to the rule on any recognized ground. The case of Strong v. Taylor, (2 Hill, 326,) and se *421 veral in the Massachusetts reports, are authorities in favor of the plaintiff. Among the latter, are Barnett v. Pritchard, (2 Pick. 512;) Fairbanks v. Phelps, (22 Ibid. 535;) and The Dresser Manufacturing Company v. Waterston, (3 Metc. 9.)
Judgment'for the plaintiff.