### Thomas and Others *v.* Winters and Others.

Contract as follows: "*Calumet, January* 1, 1856. I, *E. H. Johnson*, have this day bought of *V. Thomas & Co.* two steers, for which I agree to deliver them, at their cooper-shop, at *Calumet*, eight thousand and four hundred packing barrel staves, two hundred pieces of heading to eight hundred staves, the said staves to be merchantable; all of said staves to be delivered between now and the first day of *March* next. And the said *Thomases* hold the said steers as their property until the delivery of said staves. [Signed] *E. H. Johnson.*" *Held*, that this instrument does not evidence a sale to *Johnson* transferring to him the title to the cattle.

The Court instructed the jury that, "An agreement between buyer and seller, at the time of a sale, that the latter may resume the possession of the goods if the price be not duly paid, is a personal contract, binding on the buyer,

but will not authorize the seller to resume the possession of the goods, if the buyer has sold them, or if they, by his decease, have passed to his legal representatives." *Held*, that this is the law, as applicable to an absolute sale which passes title—not as applicable to a conditional sale.

May Term,
**1859.**

THOMAS
v.
WINTERS.

*Tuesday,*
*May 31.*

APPEAL from the *Porter* Court of Common Pleas.

PERKINS, J.—Suit to recover possession of a yoke of cattle. The suit was commenced before a justice of the peace. Judgment in the Court of Common Pleas for the defendants.

On the trial, the plaintiffs gave in evidence a written instrument, reading as follows:

"*Calumet, January* 1, 1856. I, *E. H. Johnson*, have this day bought of *V. Thomas & Co.* two steers, for which I agree to deliver them, at their cooper-shop, at *Calumet*, eight thousand and four hundred packing barrel staves, two hundred pieces of heading to eight hundred staves, the said staves to be merchantable; all of said staves to be delivered between now and the first day of *March* next. And the said *Thomases* hold the said steers as their property until the delivery of said staves. [Signed]

*E. H. Johnson.*"

The plaintiffs further proved that *Johnson* took possession of the steers, used them awhile, and then sold them; also, that they had demanded the steers of the purchaser. They proved that the staves, &c., had not been delivered pursuant to the contract, nor at all.

The first question in the case arises upon the construction of the above copied written instrument. Does it evidence a sale to *Johnson* which transferred to him the title to the steers?

We are satisfied that it does not. It is plain, from the whole instrument, that such was not the intention of the parties. It was a conditional sale, to become absolute on payment of the consideration. The authorities are in point. Chit. on Cont. (Perk. ed.) 391, note 2. *Barrett* v. *Pritchard*, 2 Pick. 512, is very similar to the case at bar. So are *Herring* v. *Willard*, 2 Sandf. 418; *Strong* v. *Taylor*, 2 Hill, 326; and *Brewster* v. *Baker*, 20 Barb. 364.

The title, then, not having passed from *Thomas & Co.*,

May Term, 1859.

was not transferred by the sale of the steers by *Johnson* to the defendants. If the steers had been stolen or borrowed from *Thomas & Co.*, no one would doubt on this point. The case made does not differ in principle.

The Court instructed the jury that, "An agreement between buyer and seller, at the time of a sale, that the latter may resume the possession of the goods if the price be not duly paid, is a personal contract, binding on the buyer, but will not authorize the seller to resume the possession of the goods, if the buyer has sold them, or if they, by his decease, have passed to his legal representatives."

This is the law, as applicable to an absolute sale which passes title—not as applicable to a conditional sale like the one in the case at bar. See *Chissom* v. *Hawkins*, 11 Ind. R. 316.

No questions of estoppel or fraud which might vary the result of a cause arise in this case. See *King* v. *Wilkins*, 11 Ind. R. 347. *Quære*, as to the last point decided, or *dictum*, in that case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

*J. Bradley*, for the appellants.