PLUMMER
v.
SHIRLEY.

*Wednesday,*
*June 12.*

————————

PLUMMER and Another *v.* SHIRLEY.

Suit to recover the possession of personal property. Answer : 1. Property in the defendants. 2. Property in others, by virtue of a chattel mortgage from the defendants. Reply : That the property was in the possession of the defendants, by virtue of a contract between plaintiff and defendants, as follows : " We have this day received of *S.,* in trust, the following property, (describing it,) the ownership of which is exclusively vested in said *S.;* which property we agree to keep until *October* 1, 1859 ; and if we shall pay to said *S.* $180, as set forth in our three promissory

notes, then the ownership of said property shall vest in us," &c. (signed by the defendants); that the defendants had not paid the said notes, &c.

*Held*, that had the instrument been given as a mere security for the payment of loaned money, it would in legal effect have been a chattel mortgage.

*Held*, also, that as the instrument was given upon a sale and delivery of the property, and its language plainly indicates an intent that such sale and delivery should not divest the plaintiff's title, until the vendees should perform the condition subsequent, it must be held to be a conditional sale.

May Term, 1861:

PLUMMER v. SHIRLEY.

APPEAL from the *Tipton* Common Pleas.

DAVISON, J.—This was an action of replevin, by *Shirley*, who was the plaintiff, against the appellants, who were the defendants. The charge is, that the plaintiff is the owner of four oxen, two ox yokes, one log wagon, and two log chains, all of the value of $206, of which he is entitled to possession. But he avers that the defendants are now in the possession of said property, and detain the same from him unlawfully and without right, &c, Defendants answered: 1. *Non detinet.* 2. Property in themselves. 3. That the goods and chattels described in the complaint were, at the commencement of this suit, the property of *James Franklin* and *Silas Needham;* for this, that on *September* 25, 1859, the defendants, being the owners of said property, transferred the same to *Franklin* and *Needham*, by a written instrument, commonly called a chattel mortgage, which was duly recorded, &c., wherefore they pray judgment, &c. To these paragraphs the plaintiff replied: 1. By a general traverse. 2. That the goods and chattels sued for in this action are in the possession of, and held by, the defendants, by virtue of a written contract in these words:

Wednesday, June 12.

" This is to certify that we have this day received of *Embly Shirley*, in trust, two yoke of oxen and one wagon, worth $180, the ownership of which is exclusively and unconditionally vested in said *Embly Shirley;* which we agree to keep and use until *October* 1, though not to abuse, or transfer the same into other hands: *Provided*, however, we pay to the said *Shirley* $180, as set forth in three notes of even date herewith, and due as follows: one note for $25, due *July* 1,

May Term, 1859, and one for $35, due *September* 1, 1859, and one for $95, due *October* 1, 1859; then, upon the redeeming of said three notes previous to said first day of *October*, the ownership of said property will vest in us, to the exclusion of all interest in *Embly Shirley*.

Given under our hands and seals, *May* 30, 1859."

"BENJAMIN KENNEY.    { SEAL. }"

"HARRISON PLUMMER.    { SEAL. }"

It is averred that the defendants failed to pay said notes, or either of them, by *October* 1, 1859, and that the same yet remain due and unpaid. And that afterward, and before the commencement of this suit, he, the plaintiff, demanded of the defendants the possession of said property, but they refused to deliver the same or any part thereof to him, wherefore, &c. To this paragraph of the reply the defendants demurred; but their demurrer was overruled, and they excepted. And thereupon the issues were submitted to the Court, who found for the plaintiff, and upon its finding rendered judgment, &c.

This ruling involves an inquiry as to the character of the instrument set forth in the plaintiff's second reply. The appellee contends, and the Common Pleas decided, that, in legal effect, it was a conditional sale; while on the other hand, it is claimed to be a chattel mortgage. The latter construction would be plainly correct, had the instrument been given as a mere security for the payment of loaned money; but as we construe the writing, it was given upon a sale and delivery of the property by the plaintiff, the legal owner, to the defendants. And its language seems to be sufficiently emphatic to indicate an intent that such sale and delivery, when it was made, should not divest the plaintiff's title; and that his title was not to be divested, unless upon the performance, by the defendants, of a condition subsequent. It is true, the leaning of Courts is against conditional sales; "and doubtful cases have generally been considered mortgages." *Conway's Executors* v. *Alexander*, 7 Cranch, 219. But here, there seems to be no doubt as to the intention

of the parties. The ownership of the property was to remain "exclusively vested" in the plaintiff, and was not to be vested in the defendants, unless, prior to *October* 1, 1859, they fully paid the purchase money. This is obviously the proper construction of the instrument; and at once shows that the parties intended a conditional sale, and not a mortgage. *Barrett* v. *Pritchard*, 2 Pick. 512; *Herring* v. *Willard*, 2 Sandf. 418; *King* v. *Wilkins*, 11 Ind. 347; *Thomas* v. *Winters*, 12 Ind. 322; *Strong* v. *Taylor*, 2 Hill. 326; *Brewster* v. *Baker*, 20 Barbour, 364. The demurrer was not, in our opinion, well taken.

*Per Curiam.*—The judgment is affirmed, with costs.

*Joseph A. Lewis*, for the appellants.

*T. J. Harrison* and *John Green*, for the appellee.

