No. 1,747.

## HYDE *v.* COURTWRIGHT.

REPLEVIN.—*Judgment.—Return of Property.—Possession.*—A judgment in replevin, that defendant has the return of the property, is not prejudicial to plaintiff, where it is found that he is not entitled to the possession, even though the right of possession was in a third person.

INFANT.—*Chattel Mortgage.—Repudiation.—Possession.*—The transferree of a chattel mortgage executed by an infant is not entitled to the possession of the mortgaged property by virtue of the mortgage, where the infant repudiates the contract.

ENDORSEE.—*Promissory Notes Secured by Mortgage.—Possession of Mortgaged Property.*—The endorsee of notes secured by mortgage is not entitled by virtue of the endorsement to the possession of any of the mortgaged property.

From the White Circuit Court.

*Davidson & Storms* and *C. Spencer*, for appellant.

*Sellers & Uhl*, for appellee.

DAVIS, J.—This was an action in replevin instituted by the appellant against the appellee, to recover the possession of certain personal property hereinafter described.

The issues were joined and submitted to the court for trial. The material facts shown by the evidence are in substance as follows: On the 8th of March, 1893, Jamison Bros. delivered to the appellee a buggy, harness, plow, harrow and other implements, for which he executed his notes, stipulating therein that the title and ownership of said property should remain in the payee until the notes were paid. In August, 1893, the appellee executed to said Jamison Bros. a chattel mortgage on two mules, one sorrel mare, and the property described in the notes, except the buggy, as security for

the payment of the debt evidenced by said notes. In January, 1894, said Jamison Bros. assigned said notes to the appellant without recourse, and also assigned to him the chattel mortgage and the notes therein described. It further appears that in order to secure the possession of the property described in the notes the appellee at the time represented to said Jamison Bros. that he was twenty-one years of age, but he did not in fact become twenty-one years of age until May, 1894, after this suit was begun. Whether the appellant made demand for the possession of the property before the commencement of the action was a controverted question.

The court found for the appellee, and "that he was entitled to the possession of the property at the time suit was instituted, and that he should have return thereof." Thereupon, before judgment was rendered, the appellant moved the court "to modify the judgment by striking out" the words, "that he should have return thereof," which motion was overruled.

The appellant then filed a motion for a new trial, which was overruled.

Judgment was rendered on the finding, in favor of the appellee.

The errors assigned are:

1. That the court erred in overruling appellant's motion to modify the "finding."

2. That the court erred in overruling appellant's motion for a new trial.

There was no motion to modify the finding. The motion to modify the judgment was made before the judgment was rendered and the motion is not made a part of the record by bill of exceptions or order of court. Assuming, however, that the motion to modify the judgment was properly made, and that the ruling

thereon is brought in review by the record, we fail to see in what respect the appellant was prejudiced thereby. If he was not entitled to the possession of the property, he was not injured by the finding that the appellee "should have the return thereof." If the right of possession was in Jamison Bros. when the finding was made and judgment was rendered, the fact was of no advantage to the appellant in the contest between him and the appellee.

Therefore, as we view the case, the only meritorious question presented for our consideration arises on the ruling on the motion for a new trial.

Counsel for the appellant insist that the finding is contrary to law and not sustained by sufficient evidence.

The endorsement of the notes to the appellant did not of itself, on default in payment, vest the right in the appellant to the possession of the property therein described. *Domestic Sewing Machine Co.* v. *Arthurhultz*, 63 Ind. 322.

Waiving the question of demand, was the appellant entitled to recover? Counsel for the appellant concede, as we understand them, that he cannot recover on the contract embraced in the chattel mortgage, but they contend that he cannot repudiate the contract and retain the property delivered to him by Jamison Bros. As we have seen the property delivered to appellee by Jamison Bros. is a part only of the property in controversy. Assuming that Jamison Bros. might have maintained replevin for the property described in the notes, or an action *ex delicto* for the injury resulting from his tort, it does not follow that the appellant is entitled to recover in this action.

It is well settled that the appellee may repudiate the contract evidenced by the notes and chattel mortgage. *Rice* v. *Boyer*, 108 Ind. 472.

It is clear, therefore, that appellant is not entitled to the possession of the property in controversy in this action, by virtue of the mortgage, and under the decision in *Domestic Sewing Machine Co.* v. *Arthurhultz, supra,* he is not entitled to the possession of any part thereof by virtue of the endorsement of the notes to him. Whether, if Jamison Bros. had assigned and transferred all their right against appellee to appellant he might have been entitled on demand to recover the property or damages resulting from his tort, we need not determine. We do not find any reversible error in the record.

Judgment affirmed.

Filed January 7, 1896.