## SEARS v. SHROUT ET AL.

[No. 3,026. Filed March 13, 1900.]

CONTRACTS.—*Conditional Sales.—Title.*—Where personal property is sold at an agreed price to be paid in the future, and the property delivered to the purchaser to be used and kept by him, upon an express condition that the title is to remain in the vendor until paid for, the vendee, until payment, cannot sell or encumber the property, so as to defeat the title of the vendor. *pp. 314, 315.*

PLEADING.—*Overruling Demurrer.*—*Harmless Error.*—*Replevin.*—
Available error cannot be predicated upon the action of the court in
overruling a demurrer to a paragraph of answer in a replevin pro-
ceeding admitting the execution of notes and a mortgage for the
property sought to be recovered and pleading facts of want of con-
sideration, although conclusions were improperly pleaded therein,
where the evidence in its support was admissible under another
paragraph of answer. *p. 316.*

From the Lawrence Circuit Court. *Affirmed.*

*J. D. Alexander* and *G. O. Iseminger*, for appellant.

*J. E. Boruff* and *J. H. Underwood*, for appellees.

ROBINSON, J.—Suit in replevin. It is averred in the
complaint that on October 15, 1897, Albert C. Allen and
William R. Gains sold and delivered to John A. Shrout and
Hamp Shrout certain personal property, a combination mill,
consisting of a boiler and engine, with set of corn burrs and
corn and cob crusher, for which they executed notes and
a chattel mortgage, which was duly recorded; the vendees
to keep possession until default in the payment of any one
of the notes, when peaceable possession was to be given the
vendors upon demand. The vendors, for a valuable con-
sideration, assigned the notes to appellant. Default was
made in the payment of the first note, and possession de-
manded.

Appellee, Elizabeth Grubb, answered that on October 2,
1896, she sold the property for $250 to Allen and Gains,
who were to pay $20 per month until paid for; by the terms
of the sale the purchasers were to have possession of the
property, and the title to remain in appellee, Grubb, until
all the notes were paid. The purchasers took possession,
and used the property until October 15, 1897, when they
sold it to Shrout and Shrout without her knowledge. No
part of the purchase price was paid, and after such default,
and after the sale by Gains and Allen to Shrout and Shrout,
she took possession. The answer shows that the title to the
property never passed to Elizabeth Grubb's vendees.

A conditional sale must be evidenced by a plain and express stipulation to that effect, but such stipulation may be in parol as well as in writing.   The facts that the property was sold, and that title should remain in the vendee until payment was made, are pleaded.   Whether the evidence will sustain these allegations is quite another question.   The answer pleads facts showing the title to the property never passed, because the payments were never made, and under such facts she had the right to take possession. It is true the word "sold" is used, but, when taken in connection with the other facts pleaded, it is evident that the word does not conclusively indicate a consummated sale.

Where goods are sold and delivered, to be retailed by the vendee, the reservation of title in the vendor is void as to purchasers from the vendee at retail, and in the ordinary course of business.   Such a sale and delivery are inconsistent with the continued ownership by the vendor.   *Winchester, etc., Co.* v. *Carman,* 109 Ind. 31; *Hench* v. *Eacock,* 21 Ind. App. 444.   See *Steele* v. *Aspy,* 128 Ind. 367.

Where personal property is sold and delivered to a purchaser, to be used and kept by him, at an agreed price, payable in the future, upon an express condition that the title is to remain in the vendor until paid for, the vendee, until payment, can not sell or encumber the property so as to defeat the vendor's title.   *Lanman* v. *McGregor,* 94 Ind. 301; *Payne* v. *June,* 92 Ind. 252; *Bradshaw* v. *Warner,* 54 Ind. 58; *Hodson* v. *Warner,* 60 Ind. 214; *McGirr* v. *Sell,* 60 Ind. 249; *Domestic, etc., Co.* v. *Arthurhultz,* 63 Ind. 322; *Dunbar* v. *Rawles,* 28 Ind. 225; *Thomas* v. *Winters,* 12 Ind. 322; *Plummer* v. *Shirley,* 16 Ind. 380; *Shireman* v. *Jackson,* 14 Ind. 459; *Sims* v. *Wilson,* 47 Ind. 226.   The purchasers from the vendee can get no better title than the vendee had, and the vendee has no title until payment made.   Without stopping to inquire what reason, if any, underlies the doctrine denying protection to innocent purchasers in such cases, it is quite clear that the

rule as declared in the above cases is now well established in this State. Whether such sales are productive of fraud, and injurious to innocent purchasers, is a question that might well claim the attention of the legislature.

The third paragraph of answer of appellees, Shrout and Shrout, admits the execution of the notes and mortgage, and pleads facts which are, in effect, a plea of no consideration for the notes and mortgage. There are conclusions improperly pleaded in this paragraph, but there was no error in overruling the demurrer, because the evidence in its support would have been admissible under the second paragraph of answer, which was a plea of no consideration.

No attempt has been made to bring the evidence into the record, hence no question upon the admission of evidence is presented. Judgment affirmed. Henley, J., absent.