## HEYNS ET AL. v. MEYER.

[No. 7,020. Filed May 24, 1910.]

1. SALES.—*Conditional.*—*Retention of Title.*—*Assignment of Rights Under Contract.*—*Bills and Notes.*—Where a vendor sells an article, the vendee by a written contract agreeing that title thereto should not pass until the final payment of the notes given therefor, and the notes given contained no provision in reference to title, an assignment of such contract and notes vested in the assignee all the rights and title of the vendor in and to such article. p. 46.

2. SALES.—*Conditional.*—*Assignment of Contract Rights.*—*Delivery.*—The assignment of a contract retaining title to an article conditionally sold, together with the notes given therefor, constitutes a sufficient delivery to pass all of the vendor's rights to the property. p. 48.

From Gibson Circuit Court; *O. M. Welborn*, Judge.

Action by William Heyns and others against Martin Meyer. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Lucius C. Embree* and *Morton C. Embree*, for appellants.

*D. W. Duncan, J. W. Brady, W. E. Stilwell* and *Henry Kister*, for appellee.

RABB, J.—One Friday made a conditional sale to appellee of a stone crusher, evidenced by a written contract signed by the parties. Said appellee at the same time executed to the seller, as a part of the purchase price of the machine, three promissory notes. The contract provided that the title to said machine should remain in the seller until said notes were paid, and that the purchaser was to have possession of the machine; but on a failure to pay said notes, or either of them, at maturity, the seller should have the right to take possession thereof.

This contract and said notes were assigned by said Friday to one Ziliak, who in turn assigned them to appellants, and all of said notes being due and unpaid, this action was

brought by appellants to recover possession of the machine, appellants claiming to own it by virtue of the transaction.

The evidence shows a written contract entered into between Friday and appellee, by the terms of which Friday sold to Meyer, on conditions named, a stone crusher. This 1. writing set out in detail the terms of the contract, and defined the rights of the parties thereto in the machine, which was the subject-matter thereof. The terms of this contract provided that the purchaser should pay a certain part of the purchase price in cash, and should execute his notes for the residue, payable to Friday, at certain dates in the future, and that on failure to pay the notes as they matured Friday should have the right to take possession of the machine, and that the legal title to the machine should not pass to the purchaser until the purchase price was fully paid.

It also appears that appellee executed the notes to Friday as provided in the contract, and while the contract furnished the consideration for the notes, the notes in no manner referred to the contract or to the title of the machine.

It also appears that appellants were engaged in the construction and improvement of certain public highways, in which work crushed stone was used, and that said appellee was a subcontractor under appellants, furnishing appellants with the crushed stone in making the road, and that the machine in question was used by them in crushing the stone; that Friday's notes came due, and said appellee was unable to pay them; that Friday was pressing him for the money; that, under these conditions, appellee informed Ziliak of his embarrassment, and told him that unless Friday was paid, he (Friday) would take the machine from him; that Ziliak informed appellants of the condition of affairs, and, by agreement between Ziliak and appellants, Ziliak went to see Friday in reference to the matter; that Friday told Ziliak that the crusher was now his, and he could take it at any time,

and that Ziliak bought Friday's claim to the property, taking to himself an assignment of the contract for the sale of the crusher and the notes, the notes being assigned to him without recourse, he paying Friday therefor the remainder due on said appellee's contract, the notes and contract being assigned by Ziliak to appellants; that the purchase was made from Friday by Ziliak at the request of appellants, and for the purpose of preventing Friday from interfering with said appellee's carrying out his contract with appellants to furnish the crushed stone for the construction of the roads which they were engaged in building.

It is insisted by said appellee that the decision of this appeal is governed by the cases of *Domestic Sewing Mach. Co.* v. *Arthurhultz* (1878), 63 Ind. 322, and *Hyde* v. *Courtwright* (1896), 14 Ind. App. 106. In both of these cases a promissory note had been executed by the purchaser of personal property, which note recited the fact that the title to the property for which the note was given should remain in the seller, naming him, until the note was fully paid. The court in each case held that the proof of the assignment of the note would not, standing alone, carry with it the transfer of the title to the property, in consideration of the purchase of which the seller gave the note. We think these authorities not controlling in this case.

Here the rights of the parties to the machinery in question were fully and clearly defined by the separate, distinct, written contract, signed by both parties. The evidence was without dispute, that in the negotiations between Ziliak and Friday, in reference to the matter, Friday claimed that under the contract he owned and had a right to take possession of the machine, and that with this understanding, Ziliak bought, not the notes alone, but Friday's claim under the contract, and that the purpose and object of the transaction was not to acquire the ownership of the notes, but to acquire Friday's right to the machine in question.

It is true that to effect a complete sale of personal prop-

erty, delivery is essential, but actual manual delivery of the one thing sold is not always possible, and is not always required. A symbolic delivery is sufficient, where, under the circumstances, the seller is not in possession of the thing sold, or it is of such a nature that it is not susceptible of manual delivery. It has never been held that one, having sold property under a conditional contract of sale of the character under consideration here, may not sell all his right, title and interest in the article sold, and of course it is not possible that he could transfer to the purchaser the actual possession of the thing sold, because it would be in the rightful possession of the conditional purchaser, and, to complete such sale, the proper and only delivery that could be made would be a transfer of the writing which evidenced his rights.

Our statute expressly provides that all instruments in writing, signed by any person for the delivery of a specific article, or to convey property, shall be negotiated by indorsement thereon, so as to vest the property thereof in each indorsee respectively. §9071 Burns 1908, §5501 R. S. 1881.

Here, under the contract entered into between appellee Meyer and Friday, each of them had an interest in the stone crusher. Neither was the absolute owner thereof. Said appellee had the right to the possession of it, and upon the full payment of the purchase price he became the absolute owner. Failing to pay the purchase price, he contracted to deliver possession to Friday, who held the legal title, subject to said appellee's right to possession and to acquire the legal title by payment of the purchase price. We think that the assignment of this contract by either party to it would carry with it all the rights of such assignor under the contract.

In the case of *Blair* v. *Hamilton* (1874), 48 Ind. 32, it was held that the rights of the parties under a contract of this character, where it was signed by the vendee alone, is assignable, and that the sale of the property by the vendee

and the delivery of the possession operated as an equitable assignment of his rights thereunder. We apprehend that had the vendor signed the article, an assignment by the vendee of this writing would have been sufficient to carry to his vendee his rights under the contract. The assignment of the contract is the only delivery of possession the seller of the property could give to his purchaser, where the subject-matter of the sale was already in the rightful possession of a conditional vendee.

We think that the assignment of this contract, with the notes, gave to appellants precisely the same rights to the stone crusher that were held by the assignor Friday. Appellants' motion for a new trial should have prevailed.

Judgment reversed and a new trial ordered.