## JACKSON *v.* GEIGER.

[No. 28,488.  Filed May 4, 1949.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*George S. Dailey,* Prosecuting Attorney, *Louis A. Whitesell,* Juvenile Court Deputy, *Samuel E. Garrison,* Briefing Deputy, all of Indianapolis, for appellee.

STARR, C. J.—On December 13, 1946, the appellee filed her verified petition in the Juvenile Court of Marion County, Indiana, wherein she alleged "She is pregnant with child and that said child was conceived out of wedlock. That Leonard Jackson (appellant herein) is the father of said child." Following this allegation the petitioner prayed that the appellant be required to fulfill the obligation of a father.

After the birth of the child and with both parties present, the trial was had, which resulted in the finding and judgment that there was born to the appellee on May 20, 1947, out of wedlock, a child; that the appellant was the father of the child and he was ordered to pay the sum of $7.50 per week for its support until further order of the court.

Subsequently the appellant was cited to show cause why he should not be held in contempt for failure to comply with this order, which resulted in a finding and judgment that he was in default in a fixed amount in the payments so ordered for which he was in contempt and that he should be committed to the Marion County Jail until he purged himself. It is from this order and judgment this appeal is taken.

By this appeal the appellant has attempted in various ways to question the jurisdiction of the trial court to render this judgment, for the reason that the original petition filed herein, was not sufficient to confer jurisdiction upon the court to render the original judgment, and that therefore these entire proceedings from their inception were null and void.

This contention is wholly without substance. Nevertheless, we have decided to consider the same. Whether the original petition was defective cannot be raised in this appeal. The record discloses that the court had jurisdiction of the subject matter and also of the person of the appellant in the original action. A collateral attack, as here attempted, upon this judgment cannot be made on the ground that the petition upon which the judgment was rendered is insufficient. *Tullis* v. *Shaw* (1907), 169 Ind. 662, 83 N. E. 376; *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906. Even on a direct appeal taken from the original judgment, no question could have been raised as to the sufficiency of the petition as the record discloses no demurrer was filed to it. Burns' 1946 Replacement, § 2-1011. Since the adoption of this statute, questions as to the form or substance of a pleading may not be raised for the first time on appeal if not properly questioned in the trial court. *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151, 148 N. E. 197. See Gavit, *Indiana Pleading and Practice*, p. 590.

In passing, however, we desire to state that in our opinion the petition before us is sufficient. Such petition may, as here, involve the paternity of an unborn child. *State ex rel. Taylor* v. *Greene Circuit Court* (1945), 223 Ind. 562, 569, 63 N. E. 2d 287. In any case a very general form of petition is permissible. All that is required is that the petition shall contain a brief statement of the facts to establish the paternity of the child and a request that the defendant be required to fulfill the obligations of a father. Burns' 1946 Replacement, § 3-633.

The appellant has also assigned as error the referring of the original cause to a referee without the written

request or written consent of the parties. This again is an attempt to raise a claimed error which does not go to the original jurisdiction of the trial court and could only have been questioned for what it was worth on an appeal from the original judgment.

Finally, the appellant has attempted in this appeal to assign as error the denial of his petition for a writ of error coram nobis in which he sought relief from the judgment in the original cause. This ruling has no place in this appeal as it involves a totally separate and different matter than the one involved in this appeal. In order for the appellant to have appealed from the ruling on the order denying the petition for writ of error coram nobis, he would have had to appeal from said ruling within thirty days after the date thereof. Rule 2-40, Rules of the Indiana Supreme Court (1946 Rev.). This period of time had expired long before the filing of the transcript herein.

For the reasons hereinabove stated the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 85 N. E. 2d 636.