Caine *v.* Keller by Next Friend, Keller.

[No. 18,907.  Filed May 13, 1958.]

*F. Wendell Lensing*, of Evansville, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Deputy Attorney General, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by appellee, Jacquelyn Keller, by her next friend, Worthal Keller, in which action the appellant was adjudged to be the father of her child born out of wedlock.

Issues were formed upon the verified complaint with the usual allegations in such matters and asked that the appellant be adjudged to be the father of the child and that he be required to fulfill the obligations of a father as required by law.

The appellant filed an answer denying the allegations of the complaint, the cause was submitted to the court for trial and the court rendered a finding and decision for the appellee and that the defendant appellant was the father of such child and ordered him to make payments for the support of such child.

The appellant filed a motion for a new trial which was overruled, and this appeal followed.

The sole error assigned for reversal is that the court erred in overruling the appellant's motion for a new trial. The grounds of such motion were that the finding of the court is not sustained by sufficient evidence and is contrary to law.

Appellant's main contention is that the evidence is insufficient to establish that appellant was the father of such child. Doctor Mason R. Baker, the attending physician at the birth of appellee's child, testified as to certain features of the child and characteristics indicating a premature birth, and that the child required extra hospitalization because

of prematurity, and gave his expert estimation that the child was conceived between the 26th day of January and the 12th day of February. The mother testified that she had sexual relations with the appellant one time, on January 21, 1955, and that she had not had sexual intercourse with anyone else prior to that time nor anyone else since that time.

The verified complaint alleged that the child was conceived on or about January 21, 1955. The evidence shows that the appellee first informed her parents of her condition about June 21, 1955. At that time the appellant was called to the parents' home and a discussion was had during which time the father of the appellee said to appellant, "Jacquelyn tells me that this happened near the middle of January, is that right?", and the appellant said, "Well, I don't remember exactly but it was around that time." A disinterested witness, wholly unrelated to the parties, heard a conversation in which appellant admitted he had had sexual relations with appellee.

There was some confusion in the testimony of the mother as to the date of the church meeting on the night when she claimed her daughter was with the appellant. There is conflict in the testimony of appellee in her statement that the conception took place on January 21 and the testimony of an employee of the Chrysler Corporation, where the appellant worked, showing a time card indicating that the appellant worked from 3:57 o'clock in the afternoon until 2:30 A.M. on the morning of January 21.

The question presented in this appeal by the appellant is directed to the weight rather than to the sufficiency of the evidence. However, the law does not require such a specificity as to the date of conception as contended for by the appellant. It was several months after the alleged conception that

the matter was brought into question and which created the possibility that there might be some slight confusion as to the dates in the minds of the witnesses. It is significant that there is evidence in the record showing that the appellant admitted that the matter happened near the middle of January. It was the province of the trial court to weigh this conflict of evidence, and upon a basis of appellant's admission and from an examination of the whole record there was sufficient evidence of probative value to sustain the finding and judgment of the trial court that appellant was the father of the appellee Jacquelyn Keller's child.

The appellant further urges that the complaint does not allege, and that the court did not find, that the child was born out of wedlock within the meaning of Chapter 112 of the Acts of 1941, §3-633 *et seq.,* Burns' 1946 Replacement, and the appellant asserts that there was no specific finding as to the marital status of the mother. While an action of this nature is created by statute, and the rights of the parties herein created are controlled and limited by statute as well as the mode of procedure, *Fisher* v. *State ex rel. Morrow* (1947), 117 Ind. App. 552, 74 N. E. 2d 743, it has been held that a general form of petition is sufficient, and a petition may be deemed sufficient if it contains a brief statement of the facts to establish the paternity of the child and a request that the defendant be required to fulfill the obligations of a father. *Jackson* v. *Geiger* (1949), 227 Ind. 265, 85 N. E. 2d 636.

The court in the instant case made a general finding and there was sufficient evidence in the record relating to conversations concerning a bona fide prospective marriage and other circumstances sufficient to have established a reasonable inference

that such child was born out of wedlock. Furthermore, the appellant did not raise any question as to the status of the mother as an unwed person in the court below, and claim was not made that she was an unwed person, and this ground of objection under the circumstances is highly technical.

For the reasons given herein the court did not err in overruling appellant's motion for a new trial and the judgment is therefore affirmed.

NOTE.—Reported in 149 N. E. 2d 845.