HIGHLAND REALTY, INC. *v.* INDIANAPOLIS MORRIS PLAN CORPORATION.

[No. 20,049. Filed June 10, 1964.]

*John W. Becker,* of Indianapolis, for appellant.

*Nathan Nisenbaum, Oliver M. Zeiher, D. William Cramer* and *Ronald E. Brown,* all of Indianapolis, for appellee.

MOTE, J.—Appellee was the owner of a certain mobile home by virtue of an assignment to it of a conditional

sales contract providing for monthly payments thereon by the purchaser thereof, one Charles Simpson. The said mobile home was based on appellant's mobile home park and said Simpson, the purchaser, was indebted to appellant for oil, gas, groceries and space rental. Simpson apparently abandoned the vehicle, not only after becoming delinquent on his contract payments to appellee, but also without paying appellant for space rental, groceries, utility services, gas, oil, etc.

In this situation appellee demanded possession of the mobile home from appellant, which demand was refused, thus giving rise to the commencement of the replevin action herein, accompanied by an affidavit for immediate possession, which appellant obtained in pursuance of his statutory rights.

The complaint, omitting the formal parts, is as follows:

"Comes now the plaintiff and for its complaint alleges and says:

1. That plaintiff is lawfully entitled to the immediate possession of the following described personal property, to-wit:

1956 Elcar Mobile Home 36 x 8; 2BR, Mfgr, Serial #4238

2. That the above described property has not been taken for a tax, assessment or fine, pursuant to a statute; that the same has not been seized under an execution or attachment against the property of this plaintiff; that the estimated value of said property is $1,500.00; that said property is believed to be detained in Marion County, State of Indiana.

3. That said defendant wrongfully and unlawfully holds and detains possession of said property from the plaintiff to plaintiff's damage in the sum of $1,500.00; that before the beginning of this action, plaintiff demanded possession of the above

described property from the defendant, which demand was refused.

WHEREFORE, plaintiff demands judgment for the above described property, and upon failure of the defendant to deliver up said property $1,500.00, and $125.00 damages for its detention, costs and all other relief in the premises."

Appellant answered in three paragraphs, one in denial under Rule 1-3, and two affirmative paragraphs as follows:

"Defendant Highland Realty, Inc. for a second and a further paragraph of answer to plaintiff's complaint, says:

Rhet. Par. 1. That the plaintiff is not the real party in interest in the subject matter of the action.

Rhet. Par. 2. That at some time, unknown to defendant but prior to the 12th day of September, 1961, Worcel Mobile Homes, Inc. an Indiana Corporation, the owner of the mobile home described in the complaint, that at a time prior to said date Worcel Mobile Homes, Inc. sold said property to one Charles Simpson upon written contract by which Worcel Mobile Homes, Inc. retained title to said mobile home as security for the payment of the purchase price by Charles Simpson, that about said time Mobile Homes, Inc. borrowed money of the plaintiff and to secure the payment thereof hypothicated the contract of itself and Charles Simpson with the plaintiff as security for said loan. that said plaintiff, Worcel Homes, Inc. and Charles Simpson each claim to be the owner of said mobile home and to an interest therein and to the right of possession thereof; that defendant is without knowledge of the merits or demerits of the claim of the respective claimants, that it is necessary to a complete determination of the controversary that all such persons and claimants, Worcel Homes, Inc., and Charles Simpson be made parties to this action.

Wherefore this defendant respectfully requests

that Worcel Homes, Inc. and Charles Simpson be ordered made parties to this action.

. . .

Defendant Highland Realty, Inc. for a third paragraph of answer to plaintiff's complaint, says:

Rhet. Par. 1. That defendant adopts and makes part hereof rhetorical paragraph numbered 2 of its second paragraph of answer.

Rhet. Par. 2. That plaintiff, Worcel Homes Inc. and Charles Simpson stored said mobile home on the premises and lands of the defendant for safe keeping and use and agreed to pay this defendant for storage thereof the sum of one dollar for each and every day said mobile home remained or was kept or stored on defendant's premises and lands.

That said mobile home has been kept and stored with defendant until taken upon writ of replevin in this action and has never been away from the premises and lands of the defendant since its original storage thereon, and at the time of taking upon said writ of replevin was held by defendant to secure payment of defendant's lien thereon for storage which said storage lien for storage was at the time of said taking upon said writ in the amount of $174.00.

That defendant has a further additional sum due and owing for materials, repairs, gasoline, water and electricity furnished during the period of storage of said mobile home in the sum of an additional $90.85 which is a lien upon said mobile home.

That defendant is entitled to judgment against the plaintiff said Charles Simpson and said Worcel Mobile Homes, Inc. in the sum of $264.85, and to have his lien upon said mobile home foreclosed and said home ordered sold to satisfy and discharge the same.

Wherefore the defendant prays for judgment herein against plaintiff in the sum of $264.85 and for the costs of this action and for a return of said mobile home or in the alternative for a foreclosure of defendant's lien to satisfy the same and the costs of this action upon such terms and condi-

tions as may be deemed just and proper in the premises."

The cause was set for trial and at trial appellant entered an "objection to Submission and Trial Without an Issue." The objection was predicated on the theory that the complaint did not contain sufficient averments of fact to constitute a cause of action, but instead contained conclusions of fact and law.

The objection to submission was overruled, the trial was had to the court, after which the following findings and judgment were entered. The pertinent part of said judgment reads as follows:

"Now the court finds for the plaintiff on its complaint that plaintiff is entitled to possession of the property described in the complaint free and clear of any claims on the part of the defendant, Highland Realty, Inc.; that the defendant Highland Realty, Inc. unlawfully detained the same, . . .

IT IS THEREFORE, CONSIDERED AND ADJUDGED BY THE COURT that the plaintiff recover of the defendant the property described in the complaint, to-wit:

1956 Elcar Mobile Home 2BR., Mfr. Serial #4238; That said property is of the value of $600.-00; that the defendant, Highland Realty, Inc. wrongfully detained the same from the plaintiff; that the defendant, Highland Realty, Inc. take nothing against the plaintiff Indianapolis Morris Plan Corporation, Charles Simpson or Worcel Mobile Homes, Inc., by his cross-complaint; and that the plaintiff recover of the defendant, Highland Realty, Inc., the sum of 1¢ its damages for the unlawful detention of said property, . . .

Appellant, in writing and in open court, then moved to correct the record and to modify the above findings and judgment for the following reasons:

"1. That the complaint did not contain a statement of facts constituting a cause of action but contained conclusions of law only that it 'was lawfully entitled to the immediate possession' of the vehicle, and that defendant 'wrongfully and unlawfully detained' the same from plaintiff without stating a fact directly or by inference which sustained either of such conclusions.

2. The finding of the court consisted of conclusions of law without the finding of a fact which directly or by inference sustained either of such conclusions of law.

3. The court made no finding of fact upon which the judgment entered was founded or supported.

4. The judgment does not follow a finding of fact found by the court."

This motion was overruled and a motion for new trial was filed. The motion for new trial, in part, alleged that: the complaint was insufficient and, therefore, the claim should not have been tried; the decision is not sustained by sufficient evidence; the decision is contrary to law; several errors of law occurred at the trial; the court erred in overruling the motion to correct the record and to modify the finding and judgment. The motion for new trial was overruled and this appeal followed.

The assignment of errors filed in this court is as follows:

"1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in overruling appellant's motion to correct the record and modify its finding and judgment."

In its argument appellant submits five different points in an effort to sustain this appeal.

Appellant contends that the trial court erred in trying the case since the complaint failed to state facts

sufficient to constitute a cause of action. Appellant did not attack the complaint by demurrer, but instead filed an answer on the merits. Where a defendant fails to demur, he waives all defects in the complaint, except lack of jurisdiction of the subject matter. *Mitchell et al.* v. *Falter et al., etc.* (1955), 126 Ind. App. 34, 126 N. E. 2d 769; *City of Indianapolis* v. *L. & G. Realty & Construction Co., Inc.* (1960), 132 Ind. App. 17, 170 N. E. 2d 908; see §2-1011, Burns' 1946 Repl. [Acts 1881 (Spec. Sess.), ch. 38, §89, p. 240; 1911 ch. 157, §3, p. 415]. See also *Jackson* v. *Geiger* (1948), 227 Ind. 265, 85 N. E. 2d 636. In view of this, we need not decide the sufficiency of the complaint. However, a failure to demur does not relieve the plaintiff of the burden of proving a cause of action. *Denham et al.* v. *Degymas et al.* (1957), 237 Ind. 666, 147 N. E. 2d 214. Therefore, we arrive at appellant's second contention, that the decision is not supported by sufficient evidence.

Appellant asserts that there is a complete lack of evidence from which a right to possession in appellee can be inferred.

The evidence shows that Charles Simpson purchased the mobile home from Worcel Mobile Homes, Inc., paying part in cash, and entering into a conditional sales contract for the balance. The conditional sales contract was assigned by said Worcel Mobile Homes, Inc., to the appellee. The contract provided that the title to the said home should remain in the seller or its assignee until full performance of the contract. Both the contract and the assignment were admitted into evidence as Exhibit A. The evidence further shows that the said Charles Simpson became in default on the

contract payments prior to the commencement of the litigation.

Generally, the seller may, on default of the conditional buyer, recover possession from third persons who claim under the buyer. See §58-814, Burns' 1961 Replacement [Acts 1935, ch. 182, §14, p. 909]. See also *Universal Credit Company, Incorporated* v. *Collier et al.* (1941), 108 Ind. App. 685, 31 N. E. 2d 646; *Sears* v. *Shrout et al.* (1900), 24 Ind. App. 313, 56 N. E. 728. An assignee of a conditional sales contract acquires all of the remedies to which the conditional seller is entitled. *Heyns et al.* v. *Meyer* (1910), 46 Ind. App. 45, 91 N. E. 973; *Royal Indemnity Insurance Company* v. *Shue* (1962), 182 N. E. 2d 796. Therefore, it is apparent that the appellee demonstrated a right to possession. Appellant, however, contends that it has a lien on the mobile home superior to appellee's claim. Appellant does not cite a statute which gives it a statutory lien and we find none.

The record does not support appellant's assertion of a common law lien. The lien is asserted as security for payment of lot rent, etc., owed by Charles Simpson. At common law, and apart from statute or agreement providing otherwise, a landlord has no lien on the personal property of his tenant merely by reason of the relationship. See *Newcastle Theatre Company et al.* v. *Ward* (1914), 57 Ind. App. 473, 104 N. E. 526.

Appellant, under its motion for new trial, contends that the finding of the court is contrary to law. In its brief, however, it merely reiterates the previous arguments, and no reversible error is pointed out.

Appellant next argues that title, ownership, or right of possession cannot be established in a replevin action

by proof of a contract made by third parties and, therefore, concludes that error was committed by the trial court when the conditional sales contract between Simpson and Worcel Mobile Homes, Inc., was admitted into evidence over objection. In support of this argument, appellant relies on the case of *Griffin et al.* v. *Ransdell* (1880), 71 Ind. 440. In that case, a tenant had constructed a house on land owned by his landlord. The tenant's right to remove the house had expired when the tenancy had expired and the house became a part of the freehold estate. Thereafter, the former tenant executed a bill of sale of the house to one Roberts who, in turn, executed a bill of sale to Ransdell, who then sued the landlord's grantee in replevin. The court held, in effect, that Ransdell could not assert title to a dwelling house situated on the land of another by simply establishing a purchase from a person who was a stranger to the chain of title of the real estate. The instant case is unlike the *Griffin* case and offers no support for appellant's argument. In this case, the document in issue was executed by parties in the chain of title through which appellant asserts its claim, and, therefore, no error is shown by reason of the document's being admitted into evidence.

Appellant also alleges that the trial court erred when it excluded certain documentary evidence which appellant had offered. We will not consider this alleged error since appellant failed to cite any cases in support of its argument and did not set out verbatim the relevant portion of a statute upon which it relied. See Supreme Court Rule 2-17 (e).

Appellant finally asserts that the trial court erred in overruling appellant's motion "to correct the rec-

ord and to modify the entry of findings and judgment." The argument is based upon the failure of the trial court to make special findings of facts and conclusions of law. Neither party requested the court to state its findings. Therefore, it was not necessary for the court to so do, and no error is presented. See §2-2102, Burns' 1946 Repl., [Acts 1881 (Spec. Sess.), ch. 38, §394, p. 240; 1923, ch. 83, §1, p. 254].

Affirmed.

Hunter, C. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 110.