**Rose HAYES, Appellant
(Plaintiff Below),**

v.

**Patrick W. HARRIS, Appellee
(Defendant Below).**

No. 4–884A237.

Court of Appeals of Indiana,
Fourth District.

July 11, 1985.

Rehearing Denied Aug. 28, 1985.

**1360**

Kathryn Williams, M. Patricia Smith, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Patrick J. Bennett, Andrew P. Sheff, Indianapolis, for appellee.

CONOVER, Justice.

Plaintiff-Appellant Rose Hayes (Hayes) appeals the dismissal of her replevin action against defendant-appellee Patrick W. Harris (Harris).

We reverse.

ISSUE

At issue is whether Hayes's replevin action against Harris was a compulsory counterclaim in an earlier action brought by Harris and now barred by Ind.Rules of Procedure, Trial Rule 13(A).

FACTS

Hayes rented a house from Harris. Because of a dispute as to the rental agreement, Harris locked out Hayes, took possession of her personal property, sued her for breach of the lease, and obtained a default judgment. Hayes's motion to set aside the default judgment was denied, but she did not appeal.

Hayes sued Harris to replevy her property he was holding. Harris moved to dismiss, claiming it was barred for failure to bring it in the prior case as a compulsory counterclaim under Ind.Rules of Procedure, Trial Rule 13(A).

The trial court determined Hayes's replevin action arose out of the transaction upon which the earlier action was based, was a compulsory counterclaim under T.R. 13(A), and is now barred. The trial court entered judgment of dismissal and costs against Hayes.

DISCUSSION AND DECISION

Trial Rule 13(A) provides

(A) Compulsory Counterclaim. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it *arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:

(1) at the time the action was commenced the claim was the subject of another pending action; or

(2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule. (Emphasis supplied).

Our review of this record reveals Hayes's replevin action does not arise out of the same transaction or occurrence from which the earlier breach of lease action by Harris arose.

■ A cause of action arises from the same transaction or occurrence when a logical relationship between the occurrences gives rise to each of the claims. *See, e.g., Moore v. New York Cotten Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750; *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643; *Middlekamp v. Hanewich* (1977), 173 Ind.App. 571,

364 N.E.2d 1024, 1035–1036. The term "logical relationship" requires a connection between the claim so that essential facts determined in favor of one party constitute in part the cause of action by the other. *Moore,* 270 U.S. at 610, 46 S.Ct. at 371. There is no such relationship between the claims here. No facts essential to the action for breach of the lease can constitute any essential part of the replevin action.

■ The foundation for the action for breach of a lease is the contractual relationship between Harris and Hayes. The foundation of an action for replevin, however, is the wrongful taking or unlawful retention of the personal goods of another. *See,* IND.CODE 34-1-9.1-1 through 34-1-9.1-13. Here, Hayes's dispute does not arise out of the lease agreement.

Harris asserts "evidentiary identity" between his claims and those of Hayes. He states both claims require a determination of the rights of the parties under the lease agreement before any relief can be afforded either party. He says evidence on Hayes's replevin claim requires proof of

(a) the relationship of the parties under the lease agreement,

(b) the existence or nonexistence of a breach of the lease, and

(c) the remedies available to Harris upon breach of the lease agreement ("i.e., landlord's lien on tenant's personal property"). (Appellee's Br. 15).

We disagree.

The relationship of the parties under the lease and any breach of the lease are not material in the replevin action. In an action for breach of a lease a plaintiff must prove existence of the lease, its breach, and damages. Hayes's replevin action requires proof Harris is in unlawful possession of her personal property. See, I.C. 34-1-9.1-1 and 34-1-9.1-2. Harris's bald assertion necessary evidence includes "the landlord's lien on tenant's personal property" is simply wrong. No such evidence is required because no such lien exists.

■ At common law, and apart from statute or agreement otherwise, a landlord has no lien on the personal property of his tenant merely by reason of the landlord-tenant relationship. *Highland Realty, Inc. v. Indianapolis Morris Plan Corp.* (1964), 136 Ind.App. 208, 216, 199 N.E.2d 110, 114. See, *New Castle Theatre Co., et al. v. Ward* (1914), 57 Ind.App. 473, 481–482, 104 N.E. 526. *Cf.* I.C. 32-7-1-18 (crop lien) and I.C. 13-1-7-33 (innkeeper's lien). Here, we have no applicable landlord lien statute and no evidence of any agreement between landlord and tenant granting landlord such lien rights.

■ Further, Harris's judgment alone does not impose a lien upon personal property. See, I.C. 34-1-45-2. Resort to self-help instead of legal remedy to satisfy a claim is not favored, nor does it create a nexus between the causes. Only those claims which arose from the landlord-tenant relationship constituted compulsory counterclaims in Harris's action against Hayes.

Harris urges us to give a liberal definition to the word "transaction." We agree the phrase "same transaction or occurrence" is to be given a broad interpretation to avoid multiplicitous litigation, *see, e.g., Daube & Cord v. LaPorte County Farm Bureau* (1983), Ind.App., 454 N.E.2d 891, 892–893, but we cannot include this case where no essential facts determined in favor of Harris will constitute any essential part of the replevin action. Each is a separate and distinct claim requiring substantially different items of evidence.

Reversed.

MILLER, P.J., and YOUNG, J., concur.