Joseph ROBINSON, Appellant–Defendant,

v.

Diana VALLADARES, Appellee–Plaintiff.

No. 02A05–0005–CV–190.

Court of Appeals of Indiana.

Nov. 6, 2000.

Carl M. Miller, New Haven, Indiana, Attorney for Appellant.

**OPINION**

BAKER, Judge

Appellant-defendant Joseph Robinson appeals the trial court's judgment finding him liable for the loss of personal property belonging to his tenant, Diana Valladares, after he locked her out of the leased premises without first filing an eviction proceeding. Specifically, Robinson claims that the trial court erred by relying upon unwritten local law and retroactively applying the lockout statute, IND.CODE § 32–7–8–7, to determine his liability.

*FACTS*

The facts most favorable to the judgment are that on January 8, 1999, Robin-

son entered into a one-year written lease for an apartment with Valladares, Benny Cruz, and Monica Marie Marks. According to the lease, the tenancy would begin on January 9, 1999, and each rental payment would be due on the first day of each month. With respect to termination, the lease provided that "[e]ither Landlord or Tenant must give thirty (30) days notice," but that "no notice shall be required if breach is non-payment of rent by Tenant." Record at 23.

On December 15, 1999, Robinson sent a letter to the three tenants advising them that he intended to terminate the lease. Specifically, the letter stated:

> Be advised that Mr. Robinson elects to terminate your lease effective midnight February 1, 2000, provided that you make the rental payment due January 1, 2000. Should you elect not to make the rent payment due on January 1, 2000, your leasehold interest terminates December 31, 1999.

R. at 21. Cruz and Marks vacated the premises before January 1, 2000. Valladares failed to make the rental payment due on January 1 and did not begin to move out of the apartment until January 9, 2000. On that same day, Robinson changed the locks on the apartment, effectively preventing Valladares from removing the remainder of her personal belongings.

On January 12, 2000, Valladares filed a notice of claim against Robinson seeking damages in the amount of $6,000.00 for the value of unreturned personal property that remained inside the leased premises after the lock-out. These unreturned personal items included prescription sunglasses and a pet macaw bird. Robinson filed a counterclaim against Valladares on January 24, 2000, claiming damages for unpaid rent for the period January 1 to January 12, 2000, as well as for moving, storage, and repair costs.

After a bench trial on April 4, 2000, the trial court entered findings *sua sponte*, in which it stated that Robinson had wrongfully evicted Valladares because he had "failed to file any eviction proceeding in ... court to obtain possession of the leased real estate at issue before locking [Valladares] out of the property." R. at 15. The trial court also found that Robinson's "conduct in locking out [Valladares] from the leased property in the manner that he did clearly violate[d her] rights and is contrary to local rules and procedures for evictions." R. at 15. Pursuant to its findings, the trial court awarded Valladares $1,717.00 on her claim for the cost of the macaw and prescription sunglasses.[1] The trial court also awarded Robinson $303.39 for unpaid rent and property damage on his counterclaim, and offset this amount against Valladares's security deposit, entitling her to damages in the amount of $121.61 for the remainder of her security deposit. Robinson now appeals.

## DISCUSSION AND DECISION
### I. Standard of Review

We note at the outset that Valladares has failed to file an Appellee's Brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson Co. Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant is able to establish *prima facie* error. *Jones v. Harner,* 684 N.E.2d 560, 562 n. 1 (Ind.Ct.App.1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Johnson Co. Rural Elec.,* 484 N.E.2d at 991. However, when an appellant is unable to meet this burden, we will affirm. *Blair v. Em-*

---

1. The trial court found that Valladares had failed to establish that she was entitled to any further damages alleged in her claim. R. at 15.

*mert,* 495 N.E.2d 769, 771 (Ind.Ct.App. 1986), *trans. denied.*

In the appellate review of claims tried by the bench without a jury, this court will not set aside the judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115, 116 (Ind. 1995). We do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of the evidence. *Id.* This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Id.*

### II. Robinson's Claims

Robinson contends that the trial court erred in finding him liable for the loss of personal property belonging to his tenant, Diana Valladares, after he locked her out of the leased premises without first filing an eviction proceeding in court. Specifically, Robinson claims that he was entitled to peaceably recover possession of the leased premises without filing a court action, and that the trial court improperly relied upon unwritten local law and retroactive application of the lockout statute in determining that he violated Valladares's rights.[2]

In addressing Robinson's claim that the trial court improperly relied upon

local law as a basis for its holding, we note that Ind. Code § 36-1-3-8(a)(2) prohibits local units of government from "prescrib[ing] the law governing civil actions between private persons." Moreover, IND. CODE § 33-5-2-5 provides, in part, that "the rules of substantive law" must be applied to actions brought in small claims court. Thus, the trial court's statement that liability may be imposed in light of "local rules and procedures" may not serve as a basis for the award.

With respect to retroactive application of our lockout statute, we note that the question of whether a statute is to be applied retroactively depends upon the legislature's intent. *Chesnut v. Roof,* 665 N.E.2d 7, 9 (Ind.Ct.App.1996). Absent an express indication otherwise, we presume that the legislature intended that the statute be applied prospectively only. *Id.*

The lockout statute provides, in part, that, "[e]xcept as authorized by judicial order, a landlord may not deny or interfere with a tenant's access to or possession of the tenant's dwelling unit by commission of any act, including ... [c]hanging the locks or adding a device to exclude the tenant from the dwelling unit." I.C. § 32-7-8-7. This statute contains no language providing for its retroactive application. Rather, I.C. § 32-7-8-1 specifically states that "[t]his chapter applies only to a rental agreement entered into or renewed after June 30, 1999" and "applies to a landlord or tenant only if the rental agreement was entered into or renewed after June 30, 1999." Thus, the lockout statute is inapplicable to the lease agreement between Robinson and Valladares, inasmuch as their agreement was executed on January 8, 1999. Accordingly, the statute may not be applied retroactively and does not provide a basis for Valladares's recovery against Robinson.

---

**2.** While the trial court specifically stated in its findings that Robinson had violated "local rules and procedures for evictions," Robinson acknowledges that the trial court may have misspoken and could, instead, have been relying upon I.C. § 32–7–8–7. R. at 15; Appellant's brief at 8. Therefore, Robinson contests the trial court's application of local law or the statute or both. Accordingly, we address both arguments.

■ However, notwithstanding that Robinson's actions are not governed by "local rules" or the lockout statute, he is nevertheless liable to Valladares for his failure to return her personal property. Specifically, the common law actions of replevin and detinue for the wrongful taking or detention of personal property have been codified at Ind.Code § 34–21–1–1 (formerly Ind.Code § 34–1–9.1–1). *Lou Leventhal Auto Co. v. Munns*, 164 Ind. App. 368, 374, 328 N.E.2d 734, 739 (1975). This statute provides, in part, that:

> When any personal goods, including tangible personal property constituting or representing choses in action, are:
>
> (1) wrongfully taken or unlawfully detained from the owner or person claiming possession of the property;
>
> . . . .
>
> the owner or claimant may bring an action for the possession of the property.

I.C. § 34–21–1–1. A companion statute, I.C. § 34–21–9–1, goes on to provide:

> In an action to recover the possession of personal property, judgment for the plaintiff may be for:
>
> (1) the delivery of the property, or the value of the property in case delivery is not possible; and
>
> (2) damages for the detention.

We note that "the relationship of the parties under the lease and any breach of the lease are not material in the [aforementioned] action." *Hayes v. Harris*, 479 N.E.2d 1359, 1361 (Ind.Ct.App.1985). Moreover, a landlord has no lien or claim on the personal property of his tenant merely by reason of the landlord-tenant relationship, and "[r]esort to self-help instead of legal remedy to satisfy a claim is not favored." *Id.*

Here, Robinson makes no claim that the may have been entitled to Valladares's personal property in accordance with the lease or upon any legal theory. Thus, it is apparent that Robinson unlawfully detained Valladares's personal property by locking it in the leased apartment and excluding her from re-entering the premises to recover her belongings. It follows, therefore, that Robinson is liable for the loss of property that Valladares sustained due to his failure to return all of her personal items that he locked inside the leased premises. Accordingly, the trial court properly awarded Valladares damages in the amount of the unreturned property.

Further, we reject Robinson's argument that the lease had expired on the day of the "lock-out" and, therefore, he was entitled to treat Valladares as a trespasser.[3] Specifically, Robinson relies upon *Burrell v. Meads*, 569 N.E.2d 637 (1991), to support his contention that, because Valladares was a trespasser, he owed her no duty "with regard to her belongings other than [not to] willfully or wantonly cause destruction." Appellant's brief at 6. However, in *Burrell* our supreme court stated that a "landowner owes a trespasser the duty to refrain from willfully and wantonly (intentionally) *injuring him* after discovering his presence." *Id.* at 639. (emphasis supplied). *Burrell*, therefore, addresses the landowner's duty towards the person, not the landowner's duty towards the person's property. Thus, Robinson's reliance upon *Burrell* is misplaced and is not relevant to this court's determination of his liability for the loss of Valladares's personal property.

In light of our discussion of the claims set forth above, we conclude than neither "local rules" nor the lockout statute may

---

3. We note that the trial court found that Robinson and Valladares entered into a one-year written lease agreement "on or about" January 8, 1999, to commence on January 9, 1999, and that the lease agreement terminated on January 9, 2000. R. at 14. The latter finding, that the lease terminated January 9, 1999, appears to be erroneous in that a one-year lease entered into on January 8, 1999, would terminate on January 8, 2000. Thus, on January 9, 2000, when Robinson locked Valladares out of the leased premises, the written lease had expired by its own terms and Valladares was no longer a lawful tenant.

serve as a basis for the trial court's award of damages to Valladares. However, we also conclude that Robinson is nevertheless liable to Valladares for failure to return her personal property under the provisions of the replevin statute.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.